## MARY JACOBSEN *vs.* ROSIE SIMONS.

Suffolk. January 16, 1914. — February 28, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* In maintenance of restaurant, Invited person.

At the trial of an action by a woman against a restaurant keeper for personal injuries caused by the plaintiff falling down a flight of stairs leading to a basement when she supposed she was entering a toilet room, there was evidence

tending to show that, while in the restaurant as a customer, she inquired for the toilet and the defendant pointed out the toilet room to her and said "You go inside;" that the toilet room was dark, and its outer door was open; that immediately at the left of the outer door on a wall at right angles with it was the door leading to the stairway; that the plaintiff passed through the open door, opened the door leading to the stairway, stepped through it and fell down the stairway. *Held,* that the plaintiff was invited by the defendant to use the toilet room, and that there was evidence upon which the jury were warranted in finding that the plaintiff was in the exercise of due care and that the defendant had failed to exercise toward the plaintiff the duty of seeing that the approach to the toilet room was reasonably safe for her use.

TORT for personal injuries suffered by the plaintiff from falling down a flight of stairs leading to a basement from a toilet room in a restaurant maintained by the defendant. Writ in the Municipal Court of the City of Boston dated March 28, 1912.

On appeal to the Superior Court the case was tried before *Bell,* J.

There were in evidence plans which showed that the toilet room was eleven feet long and three feet two inches wide, and was partitioned off from the main room of the restaurant. The entrance door opened outward from the toilet room by swinging from hinges at its right. Opening from the wall at one end of the toilet room was a door two feet and four inches wide, which opened toward a person entering it and was hinged at the right, and which led to the stairway down which the plaintiff fell. This door was at right angles to the entrance door to the toilet room and only a few inches from it.

There was evidence tending to show that the plaintiff with a niece went to the defendant's restaurant and "had something to eat;" that at the plaintiff's request the niece inquired of the defendant, "who was at the counter," for the toilet; that the defendant pointed to the door of the toilet room; that the niece then went to the plaintiff and, according to the niece's testimony, "every one — Mrs. Simons you know — heard what I say to my aunt and I saw Mrs. Simons point to the door and say 'You go inside;'" that the toilet room was dark, that, when the plaintiff went to enter it, the outer door was open, and that she opened the door into the basement and fell down the stairs.

At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*E. J. Sullivan,* for the plaintiff.

*C. F. Smith,* for the defendant.

Sheldon, J.   Upon the evidence the jury could have found that the plaintiff not only was permitted, but was invited, to use the defendant's toilet room.  If so, the defendant owed to her the duty of exercising reasonable care to see that the room and the approaches by which the plaintiff was to get to it were reasonably safe for her use.   *Toland* v. *Paine Furniture Co.* 179 Mass. 501. It seems also plain that, whatever the weight of the evidence might have been, there was evidence on which it could have been found that the plaintiff was in the exercise of due care, and that she was injured by reason of a failure of the defendant to exercise the care which was incumbent upon her for the purpose of keeping her premises safe for one whom she had invited to use them. *Marwedel* v. *Cook*, 154 Mass. 235.   *Holmes* v. *Drew*, 151 Mass. 578.

It follows that the case should have been submitted to the jury, and there must be a new trial:

*So ordered.*