DOMINIC A. BROSNAN *vs.* LOUIS S. KOUFMAN.

Suffolk.     April 9, 10, 1936. — May 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence*, Invited person, Licensee.

Evidence merely that one went into the main corridor on the ground floor of an office building to drop a letter into a mail box, not shown to have been intended by the owner of the building for use of the public generally rather than merely for the use of tenants in the building, did not warrant a finding that he was invited by the owner to come upon the premises for that purpose.

The mere maintenance of a mail box in the main corridor on the ground floor of an office building, accessible to the public as required by a controlling Federal statute, did not as a matter of law render a person using the mail box an invitee of the owner upon the premises.

In the circumstances, one entering the main corridor of an office building merely to mail a letter there and departing by a rear stairway to another street was at most a mere licensee upon the premises and not entitled to recover from the owner for injuries caused by a defect negligently allowed to exist in the stairway.

TORT. Writ in the Superior Court dated June 6, 1931.

The action was tried before *Leary*, J. A verdict for the plaintiff in the sum of $9,900 was recorded with leave reserved, and thereafter, on motion, the judge ordered that a verdict be entered for the defendant. The plaintiff alleged exceptions.

*F. R. Mullin*, (*G. K. Kellaher & E. C. Jenney* with him,) for the plaintiff.

*S. P. Sears*, (*E. R. Langenbach* with him,) for the defendant.

PIERCE, J. This is an action of tort for personal injuries sustained by the plaintiff while upon a certain stairway in the Carney Building in Boston, which collapsed while the plaintiff was passing over it. The case was tried to a jury and a verdict was returned for the plaintiff. At the close of the evidence for the plaintiff a motion was made, and denied, that a verdict be directed for the defendant. Before recording the verdict of the jury, the judge duly reserved leave to enter a verdict for the defendant. Thereafter, the defendant duly filed a motion that a verdict be entered for him. The motion was allowed, a verdict was entered for the defendant, and the case is before this court on the plaintiff's exceptions saved to the allowance of the latter motion, to the judge's refusal to admit certain evidence, to the refusal of certain rulings requested and to certain portions of the charge.

At the trial there was ample evidence to warrant a finding that the plaintiff was in the exercise of due care, as well as a finding that the defendant was negligent in the maintenance of the stairway upon which the plaintiff was injured, if the defendant owed a duty to the plaintiff to exercise reasonable care to maintain the stairway in a reasonably safe condition for travel over it. It was agreed that the defendant was the lessee in control of the premises upon which the plaintiff fell. The sole question upon which the parties are at issue is as to the status of the plaintiff at the time of the injury and the consequent duty owed to him by the defendant.

Upon the evidence most favorable to the plaintiff it appeared that the Carney Building was located upon a

parcel of land which had a frontage on Tremont Street and a rear frontage on Pemberton Square, both public highways. The entrance to the building from Tremont Street led into a marble corridor which was about eight feet wide. This corridor extended to a flight of stairs which led to Pemberton Square. The building had been under the control of the defendant since 1921, and this corridor had been used for a long time by a large number of people in walking between Tremont Street and Pemberton Square. The defendant had seen many persons making such use of the corridor. People coming down from the upper floors of the building in the elevator would, if they desired to leave by the Tremont Street door, get off at the ground floor and walk along the corridor; if they desired to go to Pemberton Square, they would get off at the second floor since that exit to Pemberton Square was more convenient than was the exit through the corridor, at the head of which was the stairway on which the plaintiff fell when it collapsed.

The evidence showed that as one goes along the corridor from the Tremont Street entrance he passes a bulletin board containing the names of the tenants of the building; that farther on, at about fifteen feet from the entrance to the building he passes three elevators; that beyond the elevators is a stand at which cigars, cigarettes and fruit are sold; that there is also a telephone booth and nearly opposite the elevators is a United States mail box; that beyond the cigar stand there are some steps, then a right angle turn to the right in the corridor, then more steps, and then another sharp turn, to the left, leading to the iron stairway of seven steps which leads to Pemberton Square. The evidence warranted findings that the plaintiff had frequently passed over the corridor in question, and at the time of his injury he had entered the building by the Tremont Street entrance for the purpose of mailing letters; that he had done so by using the mail box in the corridor; and that when injured he was about to leave the premises by the Pemberton Square exit. There was evidence that there was a difference in grade between Tremont Street and Pemberton Square, the latter being higher than Tremont

Street; that the difference was about equal to the height of the first story of the building; that a public sidewalk ran from Somerset Street by the Waldorf restaurant, thence past the rear entrance to the store of Houghton & Dutton Company, and led to and beyond the stairway in the Carney Building which was the Pemberton Square entrance to the corridor above described; that on the transom above the Tremont Street door was the name "Carney Building"; that no name appeared on the door leading from Pemberton Square to the corridor; and that there were no signs indicating that the corridor was a private or public way.

The plaintiff asked the court to take judicial notice of 24 U. S. Sts. at Large, 569, c. 388, § 1; 27 U. S. Sts. at Large, 421, c. 41 (U. S. C. Title 39, § 156), which reads: "no boxes for the collection of mail matter by carriers shall be placed inside of any building except a public building, or a building which is freely open to the public during business hours . . . ." Postal regulations of like tenor, contained in a book labelled "Postal Laws And Regulations, Issue of 1924," were excluded subject to the plaintiff's exceptions.

On the foregoing facts the plaintiff contends that his exceptions should be sustained because the evidence was sufficient to warrant the jury in finding (a) "that the general public had been impliedly invited to make use of the corridor"; (b) "that the plaintiff was upon the premises as a matter of right"; (c) "that there was an implied invitation to the general public to enter the corridor for the purpose of using the United States mail box"; (d) "that the plaintiff was one of that class of persons whose use of the mail box was contemplated by the defendant, and to whom the defendant owed a duty to maintain his premises in a safe condition"; and (e) "that the defendant had negligently failed to keep his premises in a safe condition."

The only fundamental question is as to whether the plaintiff, in going upon the defendant's premises, was an invitee or business visitor to whom was owed a duty of care with reference to the maintenance of the stairway which col-

lapsed to his physical injury, or whether he was a licensee to whom no such duty was owed. *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368, 373.

A person may become an invitee when he is expressly invited to come on the premises, or when, from the construction or use of the building, such an invitation may be implied. In the case at bar there is no evidence, and it is not argued that there is any evidence, of an express invitation extended to the plaintiff. To recover, therefore, he must show that he was impliedly invited upon the premises by some allurement or inducement held out by the owner or person in control with intention and design. Such an invitation is not to be implied from a merely tacit assent to the use of the place in question as a public passageway. *Kruntorad* v. *Chicago, Rock Island & Pacific Railway*, 111 Neb. 753, 756. *Conroy* v. *Allston Storage Warehouse Inc.* 292 Mass. 133. *Plummer* v. *Dill*, 156 Mass. 426, 427. In the case at bar an invitation was not implied simply because the building was apparently open and passersby were not forbidden by sign or otherwise to enter, such facts indicating no more than that their entrance and passage from Tremont Street to Pemberton Square were tolerated, or that they were licensed to pass through. *Plummer* v. *Dill*, 156 Mass. 426, 427. *Stanwood* v. *Clancey*, 106 Maine, 72, 75–76. *Garthe* v. *Ruppert*, 264 N. Y. 290, 294.

Persons using a way over private land for their own convenience, with the acquiescence of the owner thereof, are held in many cases to be licensees only, unless the way is so constructed or maintained as to induce people to believe it to be a public street or way. *Holmes* v. *Drew*, 151 Mass. 578, 580. It is the contention of the plaintiff in the case at bar that an invitation was implied from the whole condition of things, including the relation of the corridor to Tremont Street and Pemberton Square, the fact that there was no sign at the entrance to the corridor at Pemberton Square, the presence of the sales stand in the corridor, and particularly the presence of a United States mail receptacle in the corridor, assuming that the jury might properly find

that the mail box was put there with the purpose and design that it should be used by the public at large, of whom the plaintiff was one.

When a building is adapted for business uses it is generally held that one, who comes upon the premises for a purpose connected with the business carried on or in the interest of the occupant, does so under an implied invitation as one to whom is owed a duty of due care. *Plummer* v. *Dill*, 156 Mass. 426, 427. *Norris* v. *Hugh Nawn Contracting Co.* 206 Mass. 58, 61. If, however, one comes upon such premises for his own convenience, to gratify curiosity, or with the expectation of gratuitous favors, he is at the best a licensee. *Plummer* v. *Dill*, 156 Mass. 426, 427. *McCarvell* v. *Sawyer*, 173 Mass. 540, 541. *Laporta* v. *New York Central Railroad*, 224 Mass. 100, 103. The facts in the case at bar do not bring it within *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368, 375–376, or within *Holmes* v. *Drew*, 151 Mass. 578, 580, and they establish, on the plaintiff's own testimony, that he was within the corridor for the purpose of mailing his own letters. Leaving out any consideration of the Federal statute governing the establishing of mail boxes, the plaintiff has not made out his case He has not shown that the mail box was intended for the use of the public generally, rather than for the use of the tenants of the building. It may be noted in this connection that there is no testimony in the record that there was any sign on the outside of the building indicating to the public that there was a mail box within the building, from which an invitation to make use of the box could be implied. Compare *Sullivan* v. *New York Telephone Co.* 157 App. Div. (N. Y.) 642, 643–645; affirmed 215 N. Y. 678. It is not shown that the use of the mail box was for the common or mutual advantage of the defendant and the plaintiff, or that the defendant derived any revenue from its presence or had any direct pecuniary interest in its maintenance, from which it might be implied that he authorized the public having letters to mail to come on the premises to do so. Even though it appears that those using the corridor were not forbidden to use the mail box, such silence would

import no more than a tolerance or license to make use of the mail box for personal convenience.

The plaintiff relies strongly on that part of the Federal statute quoted above which provides that "no boxes for the collection of mail matter by carriers shall be placed inside of any building except a public building, or a building which is freely open to the public during business hours." It is assumed, without decision, that, by the terms of the statute, where a mail box is established in a building, the building shall be considered for the purposes of the statute to be a public building or a building which is freely open to the public during business hours. It is to be noted that the quoted statute allows mail boxes to be placed in two classes of buildings. In the case at bar the statute was satisfied by the admitted fact that the mail box was placed in a corridor in the defendant's building where the public was not forbidden to enter nor in any way restricted from entering. Even though it be conceded that under the terms of the statute members of the public are given a legal right to enter the corridor to go to and return from the mail box, it does not follow and it is not a principle of law that such right is the equivalent of an actual or implied invitation to enter. Where firemen or policemen have a legal right to enter premises in the performance of their duty — and while in such performance of duty they cannot be forbidden entry by the owner or occupant — the legal authority to enter, at least in the absence of a statute concerning the maintenance of the premises, does no more than create a status of licensee, and no duty of care is owed by the owner to those so entering. *Parker* v. *Barnard*, 135 Mass. 116, 117. *Brennan* v. *Keene*, 237 Mass. 556, 561. *Pennebaker* v. *San Joaquin Light & Power Co.* 158 Cal. 579, 588. *Lunt* v. *Post Printing & Publishing Co.* 48 Colo. 316, 324. *Gibson* v. *Leonard*, 143 Ill. 182, 189–190. *Woodruff* v. *Bowen*, 136 Ind. 431, 440–441. *Racine* v. *Morris*, 136 App. Div. (N. Y.) 467, 469; affirmed, 201 N. Y. 240. *New Omaha Thomson-Houston Electric Light Co.* v. *Anderson*, 73 Neb. 84, 95. *Beehler* v. *Daniels, Cornell & Co.* 18 R. I. 563, 564. *Burroughs Adding Machine Co.* v. *Fryar*, 132 Tenn. 612, 613. Compare *Meiers* v. *Fred*

*Koch Brewery,* 229 N. Y. 10, 15. Cases cited for the plaintiff to the effect that those conducting a post office or service of that nature are held to invite persons to enter for the purposes of that business are distinguishable, with the exception of the case of *Paulding* v. *New York Central & Hudson River Railroad,* 132 App. Div. (N. Y.) 68; 133 App. Div. (N. Y.) 930, on the ground that in those cases the postal service was a business conducted on the premises.

The evidence in the case goes no farther than to show that the plaintiff entered the corridor under a license given by law. Upon his own testimony he entered the building for the specific purpose of mailing letters. It is immaterial that a cigar stand and public telephone were maintained in the corridor, or that on some other occasion he had come on the premises for purposes connected with the sale of cigarettes or with the use of the telephone. Had he done so on the day of the accident he might have been there under an implied invitation of the defendant. Compare *Fleckenstein* v. *Great Atlantic & Pacific Tea Co.* 91 N. J. L. 145, 146. *Kelley* v. *Columbus,* 41 Ohio St. 263, 270.

A majority of the court find no prejudicial error in the exclusion of the postal regulations, as they add nothing which requires discussion to the Federal statute above considered.

*Exceptions overruled.*