Tomasello, J.,
In an action of contract or tort the plaintiff, a customer of the defendant, operating a beauty or hairdressing parlor, seeks to recover for the loss of a fur coat and gloves placed by her upon a coat-rack located in the defendant’s establishment, and which were stolen or purloined by some unknown person. The defendant filed a general denial of liability.
The evidence discloses that the defendant’s shop was less than four feet from the head of a stairway leading into the street entrance, with one main entrance easily accessible to persons entering and leaving; that the place provided by the defendant for customers to hang their coats was adjacent and near to the entrance to the shop; just beyond which was located the cashier’s desk and chair; that the plaintiff upon entering the shop for the purpose of procuring a permanent wave treatment, hung her coat, which contained a pair of gloves, upon the coat-rack provided by the defendant for its customers; that during the process of *283 the work on the plaintiff’s hair the coat-rack was not visible to her, and at no time was she instructed as to the care of the wearing apparel; that there was a sign located to the right of the cashier’s desk which in substance read, “Not responsible for articles left here ’ ’; that there was no sign over the coat-rack; that the plaintiff never saw or noticed any signs as described; that at the time that the work was being performed, there were ten or twelve operators working on customers, and fifteen to eighteen customers were using dryer equipment; that the cashier left his seat from time to time to collect fees due from customers; that while out making collections, the coat disappeared; at least it could be so found.
As part of the evidence the plaintiff introduced the following question and answer to interrogatories propounded to the defendant:
“9. Describe in full detail what if any supervision the defendant exercised on November 2, 1937 (the date of the loss) and prior thereto to guard its patrons’ coats against loss from theft or otherwise while said patrons were on the defendant’s premises at 37 Temple Place? Ans. The coats are left at the patrons’ own responsibility. The manager and cashier in control of the premises are in full view of the entire store and they are instructed to keep their eyes on the coats that are left there by the patrons.”
At the conclusion of the trial, the defendant filed the following requests for rulings which were denied by the trial judge:
1. Upon all the evidence there is no evidence introduced to show any negligence on the part of the defendant.
2. There is no obligation on the part of the defendant to watch coats left on the premises by the patrons.
3. That on all the evidence finding should be for the defendant.
*284 5. That the defendant assumes no liability to its patrons who hang coats or wraps on racks.
The first and third requests based “upon all the evidence” were properly denied. By Buie 28 of the rules of the Municipal Court of Boston, such requests need not be considered, unless they contain specifications which purport to support it. As to the remaining requests for rulings, the trial judge was correct in denying them.
Upon the evidence already described, the finding of the trial judge that the defendant was negligent cannot be said to have been unwarranted. It could have been found that the plaintiff not only was permitted, but was invited to use the defendant’s coat-rack under the watchfulness of the cashier, and that the defendant owed to her the duty of exercising reasonable care to see that the apparel of the plaintiff would be safely cared for. Jacobson v. Simons, 217 Mass. 194.
The care and diligence was proportioned to the temptation and facility of stealing the coat and gloves and the danger of losing them. A visit to the shop would have disclosed the facility with which the contents could have been reached and the ease with which a thief might make his escape. There was a causal relation betweeen such negligence and the loss of the coat. Morse v. Homers, Inc. 1936 A. S. 2105. The contingent and indirect benefit to the defendant based upon the attendance and chance of profit from the plaintiff customer was sufficient consideration for the imposition upon the defendant of the duty of exercising ordinary care in the protection of the plaintiff’s apparel, placed by her upon the rack furnished by the defendant for that purpose, and over which the cashier, an employee of the defendant, was to diligently watch. Newhall v. Paige, 10 Gray 366.
*285 There was evidence warranting the trial judge in finding that the placard or sign placed in the position it was, coupled with the fact that the plaintiff, a business visitor, did not observe it, was insufficient to bind the plaintiff. Brennan v. Ocean View Amusement Co., 289 Mass. 587, 594.
The defendant having failed to plead the contributory negligence of the plaintiff cannot now raise that issue. Leary v. Webber Co., 210 Mass. 68.
Report dismissed.