## MARY E. MCNAMARA *vs*. ANN M. MACLEAN.

Suffolk.    January 4, 1939. — February 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Negligence*, Invited person, Store, Licensee, One owning or controlling real estate.

A customer of a store, who by permission of the proprietor was using a stairway to a toilet in the cellar which the proprietor had told him was maintained solely for use by employees, was no more than a licensee to whom the proprietor owed only a duty to refrain from wanton or reckless misconduct.

TORT.    Writ in the Superior Court dated March 27, 1935. The action was tried before *Walsh*, J.

*F. R. Walsh*, for the plaintiff.

*H. W. Hardy*, for the defendant.

LUMMUS, J.    The plaintiff entered the defendant's store as an invited customer. While there, the plaintiff asked permission to use the toilet. The defendant gave permission, but said that the toilet was in the cellar and was for the use of employees. The defendant lifted a hatch cover or trap door that covered the steep narrow stairway, unlighted by any artificial light, that led to the cellar. Looking down, the plaintiff saw what she described as a dark hole. The defendant told the plaintiff to be careful in going down and to put her hand on the railing. The plaintiff, who had never seen the stairway before, started down, with her hand on the railing, but owing to the extreme narrowness of the steps, she lost her balance at the third step and fell down stairs. Upon evidence of the foregoing facts, the judge directed a verdict for the defendant, subject to the plaintiff's exception.

Although the plaintiff was an invitee in the store, on the evidence she was a bare licensee on the stairway. *Cowen* v. *Kirby*, 180 Mass. 504, 506. *Dickie* v. *Davis*, 217 Mass. 25.

*Davis* v. *Bean*, 298 Mass. 135. *Rathgeber* v. *Kelley*, 299 Mass. 444. *Urban* v. *Central Massachusetts Electric Co.* 301 Mass. 519. The presence of the defendant, and her express permission to use the toilet, gave the plaintiff no higher standing. The case of *Jacobsen* v. *Simons*, 217 Mass. 194, where a toilet was maintained for customers and they were invited to use it, is distinguishable. In the absence of wanton or reckless conduct, of which there is no allegation and no evidence, the plaintiff cannot recover.

*Exceptions overruled*