CHESTER J. O'BRIEN *vs.* HARVARD RESTAURANT AND LIQUOR CO., INC.

Suffolk. November 5, 1941. — December 31, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Negligence*, Invited person. *Evidence*, Admissions, Interrogatories. *Practice, Civil*, Interrogatories.

Answers to interrogatories introduced in evidence by the interrogating party do not preclude the interrogated party from relying on other evidence more favorable to him.

Evidence respecting a back stairway leading from a public barroom to a toilet in the basement, and that a customer, in response to his inquiry, was told by the bartender where the toilet was, did not warrant a ruling that the customer was invited to use the stairway although it did warrant a finding to that effect.

TORT. Writ in the Municipal Court of the City of Boston dated February 1, 1937.

Upon removal to the Superior Court, the action was tried before *Buttrick*, J. There was a verdict for the plaintiff in the sum of $6,500. The defendant alleged exceptions.

*H. E. Cryan & J. A. Bradley,* for the defendant, submitted a brief.

*B. H. Stoodley,* (*R. E. Kempton* with him,) for the plaintiff.

QUA, J. In this action for personal injuries sustained by the plaintiff from a fall on a stairway on premises of the defendant where alcoholic beverages were sold to be consumed on the premises, the defendant excepts (1) to the refusal of the judge to charge the jury that the plaintiff was a licensee and not an invitee on the part of the premises where the accident happened, and (2) to the instruction actually given that the plaintiff was an invitee. The principal question is whether the judge could rightly instruct the jury as matter of law that the plaintiff was an invitee upon the stairs.

There was evidence tending to show the following: At the rear of the defendant's premises was a bar, to the left of which, as one faced it, was a door leading to a stairway to the basement. The stairway was reached through a room containing a wash bowl for customers to use. There was an electric light near the head of the stairway and another near its foot. A men's toilet, which employees used, was in the basement at the end of a corridor next to a ladies' room also used by employees. The defendant's customers were never forbidden to use the stairway. Customers "sometimes" used it in going to the toilets. There were signs over the doors of the toilets, indicating the men's toilet and the ladies' toilet. The toilets were used "for customers and help" and were the only ones on the premises. The stairway was three feet wide, old, dark, and worn, and beer barrels were rolled down it. The toilets were sixteen feet down a corridor from the bottom of the steps. In the corridor downstairs there was a public telephone booth. The plaintiff, with two other people, entered the premises and ordered a drink. Before it was served he

asked the bartender where the toilet was and was told that it was in the basement. He started to descend the stairs to the basement to go to the toilet when the edge of a step gave way and he fell. In answer to interrogatories the defendant stated that it was "customary" for customers to go over the stairway to use the toilet in the basement and that the defendant knew that the customers used the stairway in going to the toilet; but the defendant was not concluded by these answers from relying upon any evidence more favorable to it. *Tighe* v. *Skillings,* 297 Mass. 504, 507.

We are of opinion that upon this evidence it could not properly be ruled as matter of law that the plaintiff had been invited to use the stairs. The plaintiff had the burden of proving the invitation as a part of his case. When proof rests upon oral evidence and upon inference a judge can rarely rule as matter of law that the burden has been sustained, even though the affirmative evidence may seem to him so strong that he would set aside a verdict rendered contrary to it. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452, 453. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 379. *Lennon* v. *Cohen,* 264 Mass. 414, 426. *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 433. *Donahue* v. *Leventhal,* 302 Mass. 393, 395. The jury may disbelieve the evidence, even that which is uncontradicted, except where a party testifies against his own interest, and this is true whichever side introduces it. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314, 323. *Haun* v. *LeGrand,* 268 Mass. 582, 584. *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 435. *Lincoln Electric Co.* v. *Sovrensky,* 305 Mass. 476, 479. *Lydon* v. *Boston Elevated Railway,* 309. Mass. 205, 206–207. Here, even if in general the jury believed the evidence, they could take the view that an old, worn, and narrow back stairway used by employees, down which beer barrels were rolled, leading into a basement corridor, and connected only indirectly with the main room in which customers were served, and with no sign of any kind where the ordinary customer would see it, was not a part of the premises to which persons coming in from the street for drinks were impliedly invited to go. Such

use as the jury might find customers made of the stairs (and they could find that such use occurred "sometimes") and the direction by the bartender to the plaintiff could have been referred by the jury to mere permission or license rather than to a holding out of the stairs and toilets to the plaintiff or to customers generally as a part of the facilities offered. *Cowen* v. *Kirby*, 180 Mass. 504, 506, 507. *Dickie* v. *Davis*, 217 Mass. 25, 29. *Morong* v. *Spofford*, 218 Mass. 50, 52. *Murphy* v. *Boston & Maine Railroad*, 248 Mass. 78, 81. *McNamara* v. *MacLean*, 302 Mass. 428. Even if the jury believed that there was "a public telephone booth" in the basement, that circumstance was not conclusive of an invitation as distinguished from a license to use the stairs to go to the toilet. *Brosnan* v. *Koufman*, 294 Mass. 495, 502.

On the other hand, there was no error in refusing the defendant's requested ruling that as a matter of law the plaintiff was a licensee and not an invitee. There was ample evidence from which the jury could find, although not obliged to find, that the plaintiff was an invitee upon the stairs. *Jacobsen* v. *Simons*, 217 Mass. 194. *Grogan* v. *O'Keeffe's, Inc.* 267 Mass. 189. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176. *Palmer* v. *Boston Penny Savings Bank*, 301 Mass. 540. Indeed, it would seem that a special question as to invitation might well have been put to the jury in accordance with G. L. (Ter. Ed.) c. 231, § 124, instead of allowing the verdict to depend upon a doubtful ruling of law, and the jury's answer might have avoided a second trial.

*Exceptions sustained.*