BERNARD LERNER *vs.* HAYES-BICKFORD LUNCH SYSTEM, INC.

Suffolk.   November 4, 1943. — November 29, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Negligence*, Invited person, Licensee, Restaurant, One owning or controlling real estate.

Evidence that a patron of a restaurant, upon asking a counterman for permission to use the toilet, was directed to go through a door and down stairs, without evidence that the toilet was maintained for or used by patrons, did not warrant a finding that the patron was an invitee of the proprietor of the restaurant while so going to the toilet, although he was not apprised by signs or otherwise that the toilet was for employees of the restaurant only and he passed near the manager on duty in going through the door.

TORT.   Writ in the Superior Court dated August 29, 1938.

The case was tried before *Warner*, J.   In this court it was submitted on briefs.

*R. L. Mapplebeck*, for the defendant.

*M. J. Moskow & L. J. Reibstein*, for the plaintiff.

COX, J.   The defendant operates a restaurant or lunch room in which the customer goes to a counter, behind which there are countermen, orders his food, which is placed on a tray by the counterman, and takes it to a table.   The plaintiff went to the restaurant for the purpose of purchasing food, and, while purchasing it, asked an employee at the counter "if he could go to the men's room."   The counterman told him to "'Go straight through that door,' — There is a swing door there.   'Go right through that door and it is down stairs.'"   The plaintiff opened the door, took a few steps, slipped, and fell down a flight of stairs, sustaining injuries for which he seeks to recover damages in this action.

There was evidence that there was a cashier near the entrance and exit of the restaurant, and that a manager or assistant manager was on duty.   The plaintiff testified that when he went through the door, which was indicated, there

was a man sitting at a desk just outside the door whom he passed within a few feet. This man "turned out" to be the assistant manager on duty. There was no evidence that he observed the plaintiff, but there was evidence that he said nothing to him. There was evidence for the defendant that the room in which the plaintiff found himself was one where pots and pans were cleaned and hung on the wall, and that he had to cross this room a distance of about fifteen or twenty-five feet before he came to the top of the stairs where he fell. The only toilet was located in the wash room in the basement and was maintained for the use of the defendant's employees. There were no signs indicating that the toilet conveniences were for employees only, nor was there any evidence that the plaintiff was in any way apprised of this. The defendant's motion for a directed verdict was denied, and the jury found for the plaintiff. The motion for the entry of a verdict for the defendant under leave reserved was denied, and the trial judge reported the case to this court.

The plaintiff entered the defendant's restaurant as an invited customer. The important question to be determined is whether he continued to be an invitee while on his way to the toilet room. He asked permission to go to the men's room. The case at bar resembles the case of *McNamara* v. *MacLean*, 302 Mass. 428, where the plaintiff asked permission to use the toilet. The defendant, an individual, gave permission, but said that the toilet was in the cellar and was for the use of employees. The defendant lifted the hatch cover or trap door that covered the steep narrow stairway that led to the cellar, and told the plaintiff to be careful in going down and to put her hand on the railing. It was held that, although the plaintiff was an invitee in the store, on the evidence she was a bare licensee on the stairway (see cases cited at pages 428–429), and that the presence of the defendant, and her express permission to use the toilet, gave the plaintiff no higher standing. It is true that in the *McNamara* case the plaintiff was told that the toilet was for the use of employees. In the case at bar, the jury could have disbelieved the defendant's evidence that the toilet was main-

tained for the use of the defendant's employees, but, if they did, there was no direct evidence that it was maintained for the use of customers, and we are of opinion that the inference is not warranted that it was. The fact that an assistant manager was at a desk just outside the door through which the plaintiff passed, and the further fact that there were no signs indicating that the toilet conveniences were for employees only, do not help the plaintiff. *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, 192. *Brosnan* v. *Koufman*, 294 Mass. 495, 499, and cases cited. The case at bar is distinguishable from *Jacobsen* v. *Simons*, 217 Mass. 194, for reasons pointed out in *McNamara* v. *MacLean*, 302 Mass. 428, 429. There was no evidence, as there was in *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491, 493, that it was "customary" for customers to use the toilet in the basement, and that the defendant knew this. (See cases cited on page 494.) We are of opinion that the evidence did not warrant a finding that the plaintiff was an invitee while on his way to the men's room, and that the motion for a directed verdict should have been allowed.

It is unnecessary to consider whether the counterman was authorized either to invite or to permit the plaintiff to go to the wash room. See *Coulombe* v. *Horne Coal Co.* 275 Mass. 226, 230; *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, 179; *Lanstein* v. *Acme White Lead & Color Works*, 285 Mass. 328, 331; *Sokoloski* v. *Splann*, 311 Mass. 203, 207–208.

*Judgment for the defendant.*