SALLIE D. LANAGAN *vs.* JORDAN MARSH COMPANY.

Suffolk.     May 5, 1949. — July 5, 1949.

Present: QUA, C.J., DOLAN, RONAN, SPALDING, & WILLIAMS, JJ.

*Snow and Ice.  Negligence,* Store, Snow and Ice.

A finding of negligence of the proprietor of a city store toward a customer was warranted by evidence that at a time when it had snowed for some hours the customer slipped and fell on an accumulation of "hard, packed ice, dirty ice," two inches thick, "frozen solidly onto" an outside step of the store.

TORT. Writ in the Superior Court dated January 17, 1946.

The action was tried before *Dillon,* J.

*T. L. Mackin,* for the plaintiff.

*W. L. Allen,* for the defendant.

WILLIAMS, J. This is an action of tort for personal injuries received by the plaintiff in the early afternoon of Saturday, December 29, 1945, by reason of a fall on the step of the defendant's department store in Boston. The plaintiff excepted to the action of the judge in entering a verdict for the defendant under leave reserved, after a verdict for the plaintiff.

There was evidence that on the day in question there had been a heavy fall of snow continuing from early morning until the time of the accident. The temperature had remained at about thirty-two degrees. The plaintiff, who was a customer of the defendant, left the store by the Washington Street entrance and proceeded out through a swinging door to the upper of two steps leading to the sidewalk. This step was twenty-four feet long and three feet wide, and, being somewhat recessed from the sidewalk, was protected from the falling snow by the roof. The plaintiff slipped on an accumulation of ice which extended over three quarters of the area of the step and was "frozen solidly onto" that step. The ice was two inches thick where she stepped, "was much thicker in the center, and then it went down and sort of rolled over on the top." "The ice was hard, packed ice, dirty ice." Some rock salt appeared to have been sprinkled over the step. The evidence was sufficient to warrant the jury in finding that the condition of this step as to ice was dangerous for customers of the defendant entering or leaving the store by that entrance, and that this condition had existed for such length of time that the defendant had, or, in the exercise of reasonable care, should have had, knowledge of it. There was, therefore, evidence of the defendant's negligence. *Hartford* v. *Boston Elevated Railway,* 280 Mass. 288, 290. *Guinevan* v. *Checker Taxi Co.* 289 Mass. 295, 298. *Klein* v.

*Boston Elevated Railway*, 293 Mass. 238, 240, 241. The present case is distinguishable from *Moors* v. *Boston Elevated Railway*, 305 Mass. 81, and *Grace* v. *Jordan Marsh Co.* 317 Mass. 632, relied on by the defendant, where the transitory conditions of premises, due to normal use in wet weather, according to ordinary experience could not in reason have been prevented. There was error in entering a verdict for the defendant.

*Exceptions sustained.*

*Judgment for the plaintiff on the verdict.*