JOSEPH GIACOMUZZI *vs.* IDA KLEIN
(and a companion case[1]).

Worcester.    September 27, 1949. — November 4, 1949.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence*, Invited person, Store, Trap door, Contributory.  *Agency*, Scope of authority or employment.

Evidence of the circumstances in which a customer, calling at a cleansing and pressing establishment to obtain a garment, was requested by a clerk in charge to assist him in finding the garment among garments hung on racks in a back room of the establishment, and, upon accompanying the clerk to the back room for that purpose, walked to the rear thereof and was injured by falling into an opening left by a raised trap door, warranted a finding that the customer was at the place of injury by invitation of the proprietor of the establishment and on his business.

A clerk in charge of a cleansing and pressing establishment might properly be found on the evidence to have acted within his ostensible authority in requesting a customer of the establishment to accompany him to a back room thereof to assist him in finding a garment for the customer among garments hung on racks in that room.

A finding of negligence on the part of a clerk in charge of a cleansing and pressing establishment toward a customer thereof was warranted, and a ruling that the customer was guilty of contributory negligence was not required, by evidence that, while the customer as an invitee of the proprietor of the establishment was in a back room thereof to assist the clerk in finding a garment sought by the customer, the customer fell into an opening where a trap door had been left raised by the clerk, which was obvious to one looking at the floor but was somewhat concealed by garments hung on racks and of which the clerk had failed to warn the customer.

TWO ACTIONS OF TORT.  Writs in the Superior Court dated May 19, 1944.

[1] The companion case is by Mary Giacomuzzi against the same defendant.

At the trial before *Donnelly*, J., a verdict was ordered for the defendant in each case. The plaintiffs alleged exceptions.

In this court the cases were submitted on briefs.

*H. Zarrow & J. F. Catusi*, for the plaintiffs.

*J. W. Ceaty, P. J. MacCarthy & D. E. Rosen*, for the defendant.

WILLIAMS, J. These are two actions of tort, one by Mary Giacomuzzi, hereinafter referred to as the plaintiff, to recover for personal injuries incurred by falling through an opening in the floor of the defendant's place of business in Milford, and the other by Joseph Giacomuzzi, the plaintiff's husband, for consequential damages. The evidence was substantially as follows. On the afternoon of November 4, 1942, the plaintiff called at the store of the defendant, who conducted a cleaning and pressing business, to obtain a pair of her husband's pants which she had previously left with the defendant to be cleansed. The store was in charge of the defendant's clerk. The plaintiff had forgotten to bring with her the receipt for the pants, the duplicate of which with an identifying number had been retained by the defendant for attachment to the garment. Having been informed of the omission to bring the receipt, the clerk asked the plaintiff to go in the back room, saying (referring to the pants), "We will look for it," and "Will you please help me pick it out?" The defendant's premises consisted of two rooms, the front room being equipped with a counter extending across its width, and the back room with four "pipe racks" on which garments which had been processed and cleansed were customarily hung pending delivery. The back room was about twenty feet wide and about sixteen feet long and was connected with the front room by a door situated behind the counter and in the center of the wall between the two rooms. In the rear right hand corner of this back room as one entered from the front room was a trap door three and one half feet wide and five and one half feet long which opened on stairs leading to the cellar. Previous to the plaintiff's call the clerk had been

in the cellar to tend the furnace and had left the trap door open and leaning back against the right side wall. The plaintiff followed the clerk into the back room approximately "a couple of feet" behind her. The clerk went to a center rack to look for the pants and the plaintiff turned to the right and went to another rack over by the right wall. Noticing that this rack contained coats, she proceeded to walk toward the rear of the room. On reaching the place where the trap door was raised, she fell through the opening and was injured. The cases are here on exceptions to the direction of verdicts for the defendant.

It could have been found that the plaintiff went to the back room because of an invitation given by the defendant's clerk. *Jacobsen* v. *Simons,* 217 Mass. 194. The defendant owed the plaintiff, as a person invited to enter the room on the business of the defendant, the duty to exercise reasonable care to see that the premises were in a reasonably safe condition or at least to warn her of dangers which in the exercise of reasonable care she might not discover and of which the defendant knew or ought to have known. *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, 192. *Kelley* v. *Goldberg,* 288 Mass. 79. *Collins* v. *Croteau,* 322 Mass. 291, 294. Cases similar to *Cowen* v. *Kirby,* 180 Mass. 504, 506, and *Graham* v. *Pocasset Manuf. Co.* 220 Mass. 195, on which the defendant relies, are not in point as there was evidence here that the plaintiff was more than a mere licensee. It did not appear that the clerk was not authorized to invite the plaintiff to go with her into the back room, but if not actually so authorized it was within the clerk's apparent and ostensible authority in connection with the performance of her duties to ask assistance in identifying the pants and so far as the plaintiff was concerned this constituted the clerk's real authority. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, 179, and cases cited. The principal issue in the case is whether the plaintiff after entering the rear room exceeded the limits of her invitation by going to the rack at the right of the room and continuing back to the place where the trap door was open. There seems nothing

in the apparent reason for the invitation or in the language employed by the clerk which should have caused the plaintiff to believe that she was restricted in her movements to any particular part of the relatively small back room where the clothes were hung. *Blood* v. *Ansley,* 231 Mass. 438, 442. The extent of the invitation was a question of fact for the jury. *Coates* v. *First National Stores Inc.* 322 Mass. 563.

It could have been found that the opening in the floor was a source of danger to one unaware of its existence and that there was negligence on the part of the clerk in failing to warn the plaintiff of its existence. The plaintiff's due care was also a question of fact. The jury could find that while the opening was obvious to one who might look at the floor it was somewhat concealed by the clothes hanging on the racks and that the attention of the plaintiff naturally would have been centered on the clothes hanging on the racks. See *Falardeau* v. *Hoar,* 192 Mass. 263; *Marston* v. *Reynolds,* 211 Mass. 590, 593; *Blood* v. *Ansley,* 231 Mass. 438, 442; *Esau* v. *Trustees of New York, New Haven & Hartford Railroad,* 321 Mass. 330, 333, 334. In our opinion there was error in directing verdicts for the defendant.

*Exceptions sustained.*