MARGARET MACGILLIVRAY *vs.* FIRST NATIONAL STORES INC.

Middlesex.   December 6, 1950. — January 5, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Negligence*, Invited person, Licensee, Store.   *Evidence*, Relevancy and materiality.

Evidence did not warrant a finding that a customer in a store was more than a mere licensee when she fell down a stairway beyond an opening at the rear of the store while proceeding toward a back room after she had inquired of a clerk whether it would be all right to leave a coat which she was carrying on her arm because of the warmth of the day and he had replied that she might leave it "back here" and had motioned her in the direction of the back room.

At the trial of an action against the proprietor of a store for personal injuries sustained by a customer through falling therein, evidence that "other customers at other times used" the part of the store where the fall occurred was properly excluded on the issue whether the injured customer was in that part of the store as a business invitee or merely as a licensee.

TORT.   Writ in the Superior Court dated October 15, 1946.

The action was tried before *O'Connell*, J.

*T. B. Shea*, (*J. A. Caulfield* with him,) for the plaintiff.

*John J. Sullivan*, (*W. I. Badger, Jr.*, with him,) for the defendant.

WILLIAMS, J.   This is an action of tort for personal injuries received on October 4, 1941, from a fall down a stairway in the defendant's store on Medford Street, Somerville.   The plaintiff has excepted to the entry by the judge of a verdict for the defendant after the jury had returned a verdict for the plaintiff, and to the exclusion of certain evidence.   The plaintiff was a customer in the store.   It was a warm morning and she carried her coat on her arm.   She approached a clerk who was standing by the cash register near the rear of the store and said to him, "I'm going

to leave my coat here. All right?" He replied, "You can leave it here, back here," and motioned with his hand. She went in the direction to which he pointed and proceeded through an opening in the rear of the store behind the counters into a back room. There she fell through an opening in the floor down a flight of stairs which led to the cellar.

The question before us is whether there was sufficient evidence to warrant a jury in finding that at the time she received her injuries she was in a part of the store premises to which expressly or by implication she had been invited for purposes of store business. It was not a self service store and merchandise selected by customers would be taken from the shelves or counters by a clerk. The floor area was only about eighteen by twenty feet and was largely occupied by shelves and counters on which goods were displayed. There was an opening in the rear wall to the left and behind the counter on which the cash register was placed leading into the back room. This opening was three or more feet in width. There was no door and the casings or panels on either side of the opening were perhaps two feet in width. The stairway in question was to the left and rear of this opening and five or six feet from the cash register. Three photographs were introduced in evidence — one showing the store with its counters and shelves, one the entrance into the back room, and one the back room and the stairway.

The defendant owed to the plaintiff as a business visitor the duty to use reasonable care to keep the premises in a reasonably safe condition for her use. *Kelley* v. *Goldberg,* 288 Mass. 79, 81. *Brosnan* v. *Koufman,* 294 Mass. 495, 498–499. This duty, however, extended only to such parts of the premises as were open or appeared to be open for the use of customers. *Cowen* v. *Kirby,* 180 Mass. 504. The permission given by the clerk as indicated by his words and gesture was an invitation to use the room in back not for purposes of business but only for her own accommodation. *McNamara* v. *MacLean,* 302 Mass. 428. *Lerner* v. *Hayes-Bickford Lunch System, Inc.* 315 Mass. 42. There was no testimony that the back room was used for the sale of

merchandise, and the photograph showing the opening indicates nothing which would make it appear to the customer that she was expected to use it as a part of the store. While the floor extends at the same level through the opening into the back room, no counters or shelves with goods upon them are shown. A few old boxes can be seen on a shelf and some apparently empty bottles. An apron and some papers, testified by the manager to be invoices and records, are hanging on the wall.

The case is distinguishable from *Coates* v. *First National Stores Inc.* 322 Mass 563, and *Giacomuzzi* v. *Klein*, 324 Mass. 689, relied on by the plaintiff. In each of those cases there was an invitation by the employee of the defendant to use for business purposes the part of the premises on which the accident occurred. In our opinion, the plaintiff here was in the back room merely as a licensee and, there being no evidence of reckless, wanton, or wilful conduct on the part of the defendant, see *Doran* v. *Electrical Installation Co.*, *ante*, 523, there was no error in the entry of the verdict.

A question of evidence remains to be considered. The plaintiff was asked by her counsel, "Where would you see customers standing on other occasions when you went in there?" Counsel stated, "My offer of proof is that the witness will testify that other customers at other times used the same portion of the premises where her accident occurred." On objection the question was excluded and the plaintiff's exception saved. This evidence by itself or in connection with the other testimony would not have warranted a finding that the rear room was customarily used by customers with the consent of the storekeeper for business purposes. See *Clifford* v. *Wellington Diners, Inc.* 321 Mass. 237, 239. There was no error in its exclusion.

*Exceptions overruled.*