*Southern District*

No. 1156-1953

**ESTHER BELL**

v.

**MARKET BASKET STORES, INC.**

(June 23, 1955)

*Cox, J.* This is an action of tort to recover for personal injuries sustained by the plaintiff at the entrance to the defendant's market in Brookline, during the afternoon of October 7, 1953. The answer is a general denial and contributory negligence on the part of the plaintiff.

There was a finding for the defendant. (*Grover, J.*) The plaintiff claims to be aggrieved by the judge's rulings and refusal to rule as she requested and by the finding against her.

At the time and place of the accident, the plaintiff was a business visitor of the defendant. The defendant had entire control of the premises. At the exit provided for customers, there were double swinging doors, so hung that they would swing both forward and backward, the outward swing carrying them over the sidewalk which sloped slowly downward, so that when half open, the bottom of each door

was about two inches above the level of the sidewalk.

As the plaintiff approached the exit from inside the store, another person momentarily held open the door to the plaintiff's left, swinging inward as she faced it. The plaintiff, having two large bundles in her arms, placed her back against this door, thus holding it open inward, so as to permit her small son to pass through. The plaintiff followed him, the door swinging toward her. During its outward swing, it struck the plaintiff in the heel. She testified that the door's lower edge was splintered and from that part, a piece of wood was hanging from which a nail protruded, and the nail struck the back of her heel about two inches above the ground, penetrating the heel about one-half inch, causing her serious injury. Immediately after the injury, she called the condition of her heel, as well as the condition of the door, to the attention of the store manager who obtained a hammer and removed the piece of broken wood and protruding nail from the door. The manager observed blood from the plaintiff's heel.

The doors in question were opened each morning and locked each evening by the defendant's employees. The manager of the store passed through them frequently each day. He denied having seen a splintered portion at the bottom of the door before the accident, although he admitted looking at it only casually. He testified that immediately after the accident, he observed a small piece of weather stripping which had come off the lower outside edge of the door and a tack or nail protruding from the edge about one-eighth of an inch, which he drove in with a hammer. The weather stripping had been put on this door about a year before the accident. The manager admitted that the doors and weather stripping had been exposed to the elements during the winter of 1952-1953, then stored for the summer until rehung by the defendant's employees about a week before the accident, without any repairs and

without any thorough inspection other than a casual observation.

The plaintiff's sixth request for ruling was that "The plaintiff was a business invitee at the time and place of her accident, and the defendant owed her a duty to exercise due care and to keep its premises in a reasonably safe condition for use by the plaintiff and to warn her of the dangers which were not known to her or which were not obvious to an ordinarily intelligent person and which were known or ought to have been known to the defendant." The judge allowed this request "so far as applicable to the facts found but not allowed in connection with the fact found that the alleged defect was neither known to nor should it have been known to the defendant."

Request number 7 was that "The failure to give any warning to the plaintiff about the broken piece of wood and nail which protruded from the bottom of the defendant's door could be found to be a breach of the duty that the defendant owed the plaintiff and could be found to constitute negligence." This request the judge denied "as not applicable to the fact found that the defendant neither knew nor should have known of the alleged defect."

Request number 8 was to the same effect as number 6 but with particular reference to the existence of the piece of broken wood and the nail which protruded from the bottom of the door. The judge noted that number 8 was "Allowed to the extent applicable to the facts found but not allowed as applicable to the fact found that the defendant neither knew nor should have known of the alleged defect." The judge's findings of facts followed the evidence about which there seems to be little or no dispute.

The trial judge took the view that "the length of time the nail had been in that condition is con-

jectural. An inference that the door was undamaged when installed is as much warranted as an inference that it was installed in a damaged condition." He also took the position in connection with plaintiff's requests number 6, and 7 and number 8, that the defendant neither knew nor should have known of the defect. We perceive no error by the judge in the treatment of the plaintiff's requests for rulings of law. Numbers 6, 7 and 8 were properly allowed as correct statements of law, but became inapplicable because of the finding that the defect was neither known nor should have been known to the defendant.

The defendant owed to the plaintiff, as a business invitee, the duty to use reasonable care to keep the premises in a reasonably safe condition for her use as a customer. *Kennedy v. Cherry & Webb Co.,* 267 Mass. 217, 219; *White v. Mugar,* 280 Mass. 73, 75; *McCollum v. United Markets, Inc.,* 323 Mass. 32, 34; *Giacomuzzi v. Klein,* 324 Mass. 689, 691; *MacGillivray v. First National Stores Inc.,* 326 Mass. 678, 679. That duty extends to the entrance through which invited customers, such as the plaintiff, were expected to pass. *McCarthy v. Great Atlantic & Pacific Tea Co.,* 292 Mass. 526, 527. But the defendant, as a storekeeper, is not an insurer of safety. *White v. Mugar,* 280 Mass. 73, 75.

Even if we assume that the offending nail was a defect, (see *Frappier v. Lincoln Stores, Inc.,* 279 Mass. 14), nevertheless, we cannot disagree with the opinion of the trial judge that the length of time the defect existed was conjectural. There was no evidence either as to the condition of the nail itself or otherwise, which would tend to show how long the defect had existed. From all that appears, it could have been caused by a customer so soon before the injury to the plaintiff that the defendant could not have been reasonably charged with knowledge of it. Nor was there evidence that the defective condition

was caused by an employee or anyone for whose conduct the defendant was responsible. To recover, the plaintiff had to show that the defect was due to the act of someone for whose conduct the defendant was responsible, or that the defect had existed for so long that the defendant, in the exercise of reasonable care, should have discovered and remedied it. *Lanagan v. Jordan Marsh Company*, 324 Mass. 540; *Uchman v. Polish National Homes, Inc.*, 330 Mass. 563; *Kelleher v. Dini's Inc.*, 331 Mass. 217.

It is contended that the case at bar falls into that category of cases where the defect is of such a nature, that its "mere existence" could be "thought more likely to be due to the negligence of the defendant than to some other cause" and that a case is made out without regard to the length of time the defect may have existed. In support of that contention, the plaintiff cites *Knych v. Trustees of New York, New Haven and Hartford Railroad Company*, 320 Mass. 339, 342, 343. The contention is not without merit, but we think the Knych case and the one before us are distinguishable. In the Knych case the defective condition was in the coupling device between two railroad cars, as a result of which a passenger's foot was caught and injured. That defect was one that was clearly attributable to the negligence of the railroad rather than to some other person or cause, while in the case under consideration, as we have already observed, the defective condition could have been caused by someone other than the defendant or its employees. That being so, in our opinion, the duration of the defect becomes of decisive consequence. *Lanagan v. Jordan Marsh Company*, 324 Mass. 540; *Uchman v. Polish National Homes, Inc.*, 330 Mass. 563; *Kelleher v. Dini's Inc.*, 331 Mass. 217. Many other cases to the same effect could be cited.

No special significance appears to us to attach to

the fact that the door which contained the exposed nail was within the exclusive control of the defendant. "It is elementary that liability for damage caused by the condition of premises commonly depends on the control of the offending instrumentality, either through ownership or otherwise." *Frizzell v. Metropolitan Coal Co.*, 298 Mass. 189, 191; *Cassidy v. Welch*, 319 Mass. 615, 619. The plaintiff must show, in all cases like the one before us, that the offending condition was within the sole control of the defendant and also that injury resulted because of an actionable defect. There is no question in the present case that the defendant was in control of the door which contained the exposed nail, *McCarthy v. Great Atlantic & Pacific Tea Co.*, 292 Mass. 526, 527, but the evidence does not require a finding that the defect was of such a nature that its mere existence would make the defendant chargeable with responsibility for it.

In view of what has been said, Request No. 1 that the plaintiff had proved the defendant negligent, could not have been given. The plaintiff was not prejudiced by the allowance of Request No. 2 that a finding of negligence on the defendant's part was warranted even though the judge found otherwise. *Liberatore v. Framingham*, 315 Mass. 538, 541, 542. Request No. 3 that on all the evidence the plaintiff was entitled to recover, and No. 5 that on all the evidence the accident could not have happened except for the negligence of the defendant, were properly denied under Rule 27 of the Rules of the District Courts (1952) and could not have been given in the light of what has already been said. Request No. 4 that a finding of contributory negligence on the plaintiff's part was not warranted, has become inconsequential. It was allowed "so far as applicable to the facts found."

As we find no error of law, an order is to be entered dismissing the report.

Edward R. Wine, for the plaintiff.

Thomas P. Maher and Lewis H. Peters, for the defendant.