RACHEL PARIS *vs.* HOWARD D. JOHNSON COMPANY.

Suffolk.    April 6, 1960. — April 28, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Invited person, Restaurant.

Evidence respecting a restaurant having a main entrance at the corner of two streets consisting of two large glass doors with a sign stating the proprietor's name, and a side entrance on one of the streets consisting of a recessed solid wooden door with no signs on or over it, did not warrant a finding that a prospective customer of the restaurant who walked through the doorway at the side entrance after the unlocked door had been opened by her escort and then fell and was injured by reason of a difference in levels was a business invitee of the proprietor, rather than a mere licensee, at the place of the accident.

TORT.    Writ in the Superior Court dated September 18, 1956.

The action was tried before *Morton, J.*

*Sturtevant Burr,* (*William C. Gardiner* with him,) for the defendant.

*William R. Whalon,* for the plaintiff.

SPALDING, J.   A jury, on the basis of an auditor's report and other evidence, returned a verdict for the plaintiff in this action of tort.   The defendant excepted to certain rulings of the judge, but the only one that need concern us is the denial of the defendant's motion for a directed verdict.

Findings of the auditor include the following.   On April 26, 1956, at about 7:15 P.M. the plaintiff and her escort, after parking their automobile on Harvard Street, Brookline, proceeded to the defendant's restaurant which is located on the corner of Harvard and Beacon streets.   It was their intention to have dinner there.   The main entrance to the restaurant is at the corner of Harvard and Beacon streets. About midway along that portion of the restaurant that is on Harvard Street is a door which opens outward.   Photographs show that it is a solid wooden door which is located in an entryway and there are no signs of any kind on it or over it.   The entryway is between "two large windows giving an inside view of the restaurant, and the unsuspecting invitees on Harvard Street had a right to assume that was one of the means of entering the restaurant."   The plaintiff and her escort went into the entryway, which was dark, and the plaintiff proceeded through the doorway after the door had been opened by her escort.   As she did so, not knowing that the floor was at a lower level, she fell and was injured. There was no sign "warning to step down upon opening the door."   "Upon the above evidence and the proper inferences to be drawn therefrom," the auditor found that the defendant was negligent "in not posting a sign 'not to enter' or one that stated 'for deliveries only.'"

In addition to the auditor's report there was testimony from the plaintiff that she had been in the restaurant before and on those occasions she had used the main entrance at the corner of Harvard and Beacon streets, which was fifteen or twenty feet from the entrance where she fell; that the

main entrance consisted of "two big glass doors with a sign saying 'Howard Johnson'"; that she did not look as she went through the door and did not expect a step; and that "there were lights on inside the restaurant."

The defendant's manager testified that the doorway through which the plaintiff entered was "ordinarily used for deliveries and exit in case of fire; that it was usually kept locked; [and] that it was unlocked on the night in question because he expected a delivery."

The plaintiff, since she went to the defendant's restaurant to dine, was a business invitee. But to recover for ordinary negligence she had to prove that she "was a business visitor on that part of the premises where she alleges the accident took place." *Belmonte* v. *Capodilupo*, 332 Mass. 134, 136.

We are of opinion that the evidence would not warrant a finding that the defendant had extended an invitation to use the entrance where the accident occurred. The plaintiff testified that on all prior occasions she had used the main entrance. The Harvard Street entrance differs materially from the main entrance. The former was a solid door with no signs. The latter consisted of "two big glass doors with a sign saying 'Howard Johnson.'" While the testimony of the defendant's manager to the effect that the Harvard Street entrance was used for deliveries and a fire exit could be disbelieved, there was no evidence to the contrary or that it was for the use of customers.

The fact that there were no signs over the door to indicate that it was not for the use of customers does not help the plaintiff. *Lerner* v. *Hayes-Bickford Lunch System, Inc.* 315 Mass. 42, 44. Nor, because the door was not locked, was the plaintiff justified in assuming that she might use it to enter the premises. *Morong* v. *Spofford*, 218 Mass. 50, 52. The auditor, it is true, found that "unsuspecting invitees on Harvard Street had a right to assume that [the wooden door] was one of the means of entering the restaurant, but there is nothing in the subsidiary facts found by him that tends to support that conclusion. See *Mahoney* v. *C & R Constr. Co.* 311 Mass. 558, 559.

The plaintiff's status at the place where she fell was no better than that of bare licensee to whom the defendant owed no duty except to refrain from wilful or wanton conduct. *Theriault* v. *Pierce*, 307 Mass. 532, 534. There was no evidence of wilful or wanton conduct here and the plaintiff does not contend otherwise. It follows that the judge erred in denying the defendant's motion for a directed verdict.

*Exceptions sustained.*

*Judgment for the defendant.*