## *Southern District*

### VINCENT MACRILLO
v.
### JOHN J. KELLY ET AL

*Present:* Nash, P. J., Welch and Sgarzi, JJ.

Case tried to *Taylor, J.,* in the District Court of East Norfolk. No. 1800.

*Sgarzi, J.* In this action of tort, the plaintiff seeks recovery for injuries sustained in a fall upon premises of the defendants. The answer is a general denial, allegation of contributory negligence and assumption of risk.

*There was evidence that* the defendants were owners and occupants of a dwelling house at 32 Colby Road, North Quincy and that on January 11, 1957 at about 4:00 o'clock in the afternoon, the plaintiff, a letter carrier, made a delivery of mail to the defendants' residence. He ascended the front steps, left

some mail in a receptacle provided for the purpose and as he began to descend the steps he slipped and fell on some ice which was covered by a film of snow, sustaining personal injuries. The defendant John J. Kelly claimed to have shovelled the steps clean at about 1:30 P.M. of the date of the injury but in an answer to one of the interrogatories propounded by the plaintiff he admitted that at about 4:00 P.M. of the day in question there was snow and ice on the steps and the snow had been there since the forenoon. There was also put in evidence official weather records showing that the last precipitation had occurred at about 6:00 P.M. of the previous day and that the temperature since the fall of snow had been at least eleven degrees below freezing up to the time of the injury. There was also evidence that when the plaintiff fell a "skid mark" was left in the snow covering the ice beneath it.

The statutory notice was duly given by the plaintiff and received by the defendants.

The plaintiff seasonably filed eight requests for rulings of law, all of which were denied. The first three of these requests being based upon consideration of all the evidence and the law, they were properly denied as lacking the specifications required by Rule 27 of the Rules of District Courts. The remaining requests raise the question as to whether the evidence was legally sufficient to warrant a finding for the plaintiff.

If, in the view of the evidence most favorable to the plaintiff a finding for the plaintiff

could have been made, these requests should have been granted unless they were rendered immaterial by specific findings of fact. *Hurley v. Ornsteen,* 311 Mass. 477; *Bresnick v. Heath,* 292 Mass. 293; *Strong v. Haverhill Electric Co.,* 299 Mass. 455.

The judge made a finding for the defendant and the following specific finding of fact: "I find that there was a natural accumulation of snow and ice, but there was no artificial accumulation of snow and ice."

The conclusion reached here by the judge was that since the accumulation of snow and ice was natural rather than artificial, a finding for the defendant was required.

The plaintiff, a letter carrier, in entering upon the premises of the defendants to leave mail in a receptacle provided by them for this purpose occupied the status of an invitee. *Gordon v. Cummings,* 152 Mass. 513. As an invitee the defendants owed him the duty to use reasonable care in keeping their premises reasonably safe for his use and to warn him of any dangers attendant upon such use which were not obvious to him, and which were known or in the exercise of reasonable care should have been known to the defendants. *Crone v. Jordan Marsh Co.,* 269 Mass. 289; *Kelley v. Goldberg,* 288 Mass. 79; *Lanagan v. Jordan Marsh Co.,* 324 Mass. 540.

In this case it could have been found that the plaintiff fell by slipping upon a surface of ice which was concealed by an accumulation of snow which had fallen some 22 hours before and of which the defendants had

knowledge. In these circumstances the defendants would owe the duty to warn of the presence of the ice under the snow notwithstanding the fact that both ice and snow might have been the result of natural accumulation. *Klein v. Boston Elevated Railway,* 293 Mass. 239; *Lanagan v. Jordan Marsh Co.,* 324 Mass. 540; *Willett v. Pilotte,* 329 Mass. 610; *Erickson v. Buckley,* 230 Mass. 467.

While a finding for the plaintiff in this case was not required it was clearly warranted and the denial of the plaintiff's 4th. to 8th. requests for rulings of law was prejudicial error. The case is accordingly remanded for a new trial. *Mansfield v. Spear,* 313 Mass. 887; *Bresnick v. Heath,* 292 Mass. 293; *Home Savings Bank v. Savransky,* 307 Mass. 601.

William H. Taylor of Boston, for the Plaintiff.

David G. Murphy of Boston, for the Defendant.