ELIZABETH D. RENI *vs.* McGARRY's INC.   December 27, 1974.  This action of tort to recover for personal injuries sustained by the plaintiff when she fell through an open trap door located behind the bar in the defendant's barroom is here on the defendant's exceptions (1) to the denial of its motion for a directed verdict presented at the close of all the evidence, (2) to the denial of its motion for the entry of a verdict under leave reserved, and (3) to a portion of the charge to the jury.   Common to all three exceptions is the question whether the evidence was sufficient to warrant a finding that the plaintiff's status was that of a business invitee at the time of her injury.  We summarize the pertinent evidence.  The plaintiff, while seated near one end of the bar, ordered drinks for herself and her companion.  The defendant's bartender, apparently as a precaution against theft, took the plaintiff's pocketbook and that of her companion and put them on the back bar next to the cash register in a position which could not be reached from the customers' side of the bar.  A short while later the plaintiff needed something in her pocketbook and asked the bartender for it.  He was the only employee of the defendant on duty and was then engaged with some beer deliverymen at the opposite end of the bar.  Upon the plaintiff's making a second request for her pocketbook, the bartender said, "I'm busy.  If you want it, get it yourself," meanwhile gesturing with his arm and hand in the direction of the pocketbook.  It was after the plaintiff had stepped through a nearby opening in the end of the bar and was walking toward her pocketbook that she fell through the trap door.  On that evidence there was a question of fact for the jury whether the plaintiff was a business invitee of the defendant at the time of the accident.  *Coates* v. *First Natl. Stores Inc.* 322 Mass. 563, 564-565 (1948).   *Giacomuzzi* v. *Klein*, 324 Mass. 689, 690-692 (1949).  *Altman* v. *Barron's, Inc.* 343 Mass. 43, 46-47 (1961).   Contrast *McNamara* v. *MacLean*, 302 Mass. 428, 428-429 (1939); *MacGillivray* v. *First Natl. Stores Inc.* 326 Mass. 678, 679-680 (1951); *Paris* v. *Howard D. Johnson Co.* 340 Mass. 739, 740-742 (1960).  See now *Mounsey* v. *Ellard*, 363 Mass. 693, 707-709 (1973).  No other question of any substance has been argued.

*Exceptions overruled.*

*Alfred Sigel* for the defendant.
*Thomas A. Brett* for the plaintiff.