(45 Misc. Rep. 452.)

### FORBRICK v. GENERAL ELECTRIC CO.

(Supreme Court, Trial Term, Kings County. December, 1904.)

1. NEGLIGENCE—DEFECTIVE PREMISES—INJURY TO LICENSEE.

Where plaintiff, by permission of defendant's janitor, went into defendant's cellar to use its grindstone, and was injured by the breaking of a defective floor, plaintiff was not there by invitation, so that defendant owed him no duty except to refrain from intentional injury, and was not liable for his injuries.

Action by Julius Forbrick against the General Electric Company. On motion for direction of a verdict for defendant. Motion granted.

Lewis L. Fawcett, for plaintiff.
John C. Rowe, for defendant.

GAYNOR, J. The defendant occupied in its business part of a building which it owned, and leased the other part to the plaintiff's employers, who occupied it in their business. The plaintiff went into the cellar in the part used by the defendant by permission of the defendant's janitor in charge of its premises to use the defendant's grindstone to sharpen a plane which he was using in his work for his employers. While at this work the board cover of a bilge hole or well into which the waste hot water escaped from the defendant's boiler near by broke under him and let his leg into the hot water. The cause was that the underside of the boards had gradually decayed. The plaintiff and others of his fellow employés had been permitted by the same employé of the defendant to use the grindstone several times previously to sharpen their tools, i. e., the tools of their employers which they were using in their work.

I think the law gives the verdict to the defendant. The plaintiff being only a licensee, the defendant owed him no duty to look for and remedy any defect in the cover. It could only be held liable for active or affirmative negligence. The plaintiff took the risk of the place just as it was. He was not there by the defendant's invitation. That word is rather carelessly used, it would seem, in some cases. It has no application except in the case of persons invited by another to go on his premises for business or association of some kind with the latter. It is much more than a mere permission or acquiescence. Permission to the plaintiff to go on the defendant's premises for his own purposes only was

not an invitation.   Larmore v. Crown Point Co., 101 N. Y. 391, 4 N. E. 752, 54 Am. Rep. 718; Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175.   It would be of no use to discuss all of the cases, for there are some which cannot be reconciled to true principles.   In Walsh v. Fitchburg R. Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724, 45 Am. St. Rep. 615, Judge Peckham said in a similar case in one part of his opinion that the defendant owed the plaintiff "a duty to abstain from injuring him either intentionally or by failing to exercise reasonable care."   If the latter were so, then the rule of negligence in respect of a licensee would be the very same as in the case of one to whom the full measure of care is concededly due.   There would be no distinction in a licensee's case.   The cases of snares and traps have no application here.

It needs also to be said that the janitor had no authority to give the use of the grindstone to the plaintiff and his fellows; from which it follows that the defendant was under no duty to him at all, except the duty which every one owes to every one else at all times and places, of not doing him any affirmative wrong or trespass.

The motion is granted, and the verdict for the plaintiff is set aside.