### ROSENTHAL v. UNITED DRESSED BEEF CO.

(Supreme Court, Appellate Term.   December 11, 1906.)

**1. NEGLIGENCE—CARE AS TO LICENSEE.**

Where there was a means of access to a slaughterhouse through defendant's premises, a customer of the owner of the slaughterhouse passing through defendant's premises to reach the same was a mere licensee to whom defendant owed no duty of active care.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 42, 43.]

**2. SAME—CONTRIBUTORY NEGLIGENCE.**

One passing through defendant's premises for his own convenience, and who was familiar with the place, with the acquiescence of defendant, assumed the ordinary risks thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 91, 92.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Ignatz Rosenthal against the United Dressed Beef Company. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Frank Verner Johnson, for appellant.

Samuel S. Koenig, for respondent.

FITZGERALD, J.   Defendant is the owner of a building at the foot of East Forty-Fourth street, part of which it occupies and part of which it lets to Meyer Meyer & Son.   The regular entrance to the portion of the building in which the business of Meyer Meyer & Son is carried on is from the street; they are butchers, and there are means of access to their slaughterhouse from defendant's icehouse.   In this passageway is an overhead rail used by defendant's employés to shove along sides of beef.   Plaintiff in June, 1904, was a customer of Meyer Meyer & Son, and entered this passageway for the purpose of reaching the slaughterhouse.   While there he was struck on the cheek by a side of beef which was being pushed along in the customary way, causing his injuries—dislocation of lower jaw and loss of two teeth.

Under the authorities, the plaintiff upon the testimony was at best but a licensee, and the defendant owed him no duty of active care. McCann v. Thilemann, 36 Misc. Rep. 145, 72 N. Y. Supp. 1076; Downes v. Elmira Bridge Co., 41 App. Div. 339, 58 N. Y. Supp. 628; Baker v. Otis El. Co., 78 App. Div. 513, 79 N. Y. Supp. 663.

The "trolley" appears to have been in good order, nothing out of the ordinary was being done, the plaintiff was familiar with the uses to which this passageway was put, and in entering upon it, even with the acquiescence of the defendant, he assumed at least the ordinary risks of the place and was bound to be particularly careful on that account. With such care he might have avoided the accident.   "Acquiescence is not invitation."   Forbrick v. General Electric Co., 45 Misc. Rep. 452, 92 N. Y. Supp. 36.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.   All concur.