## J. M. DAVIS, Appellant, v. ISSIE J. RINGOLSKY, Respondent.

### Kansas City Court of Appeals, April 4, 1910.

1. **DANGEROUS PREMISES: Licensees: Liability of Owner.** Defendant was the owner of the grounds on which had stood the old Elms Hotel in Excelsior Springs. The grounds were free to the use of visitors, but were not kept in condition for them. There were three paths through the grounds. Plaintiff's wife in going through the grounds about dusk strayed from a path, fell in the ruins of the old hotel, and was so injured that her death followed. Under the evidence the defendant is not liable for her death.

2. ———: **Limitation of Liability.** A sign that visitors are welcome to visit grounds but that the owner will not be responsible for accidents to them would not lessen the owner's liability to persons going there on business. To such the defendant owed the duty of reasonable care, notwithstanding such condition on the sign. Where one owes the duty of reasonable care he cannot relieve himself of such duty by contract or otherwise. This rule applies here as well as in cases of master and servant or carrier and passenger.

3. ———: ———. Where one who is on pleasure grounds by invitation uses that part of the ground which the owner did not contemplate she would use she becomes a mere licensee, and the owner is not bound to use reasonable care for the safety of a person under such circumstances. Such licensee takes the premises as she finds them, and has no right of action for injuries received thereon, in the absence of proof of wantonness or some form of intentional wrong or active negligence by such owner.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*Botsford, Deatherage & Creason* for appellant.

(1) On the conceded facts in this case, plaintiff's wife was both expressly and impliedly invited by

defendant to go on defendant's premises where she fell into the well, from which her death resulted. And the trial court erred in sustaining defendant's demurrer to the evidence and in not submitting the case to the jury. Charlton v. Railroad, 200 Mo. 441; Words & Phrases, vol. 4, p. 3432; American Digest (Century Ed.), vol. 37, columns 390-392; Bennett v. Railroad, 102 U. S. 577; O'Donnell v. Patton, 117 Mo. 13; Buesching v. Light Co., 73 Mo. 227; Hartman v. Muelbach, 64 Mo. App. 565; Eisenberg v. Railroad, 33 Mo. App. 90; Carleton v. Iron Co., 99 Mass. 217; Cooley on Torts, p. 356; Welch v. McAllister, 15 Mo. App. 492; Archer v. Railroad, 110 Mo. App. 349; Shaw v. Goldman, 116 Mo. App. 332; Burney v. Railroad, 126 Mo. 372. (2) It is the settled law of this State, whatever may be the rule elsewhere, that, even in cases of gratuitous contract founded upon no consideration, a stipulation against liability resulting from the party's negligence, is against public policy and void. Carroll v. Railway, 88 Mo. 239; Jones v. Railway, 125 Mo. 666; Bryan v. Railway, 36 Mo. App. 228; Cherry v. Railroad, 191 Mo. 491.

*Craven & Moore, Karnes, New & Krauthoff* and *Arthur Miller* for respondent.

(1.) It is well settled that one who enters upon the premises of another, by permission only, becomes a licensee and enjoys the license with its concomitant perils, and takes upon himself the risks from pitfalls or other obstructions that may attend such merely permissive entry, and in such case no duty is imposed by law upon the owner or occupier to keep the premises in suitable condition for those who go there solely for their own convenience, or pleasure or to satisfy their curiosity. Barney v. Railway, 126 Mo. 372, 28 S. W. 1069; Moore v. Railway, 84 Mo. 481; Shaw v. Goldman, 116 Mo. App. 332; Archer v. Railway, 110 Mo.

App. 349; Barry v. Cemetery Association, 106 Mo. App. 358; Glaser v. Rothschild, 120 S. W. 1; Pierce v. Whitcomb, 48 Vt. 127; Railway v. Griffin, 100 Ind. 221; Faris v. Hoberg, 134 Ind. 272, 33 N. E. 1028; Bedell v. Berkley, 76 Mich. 435; Refining Co. v. Moberley (Ky.), 121 S. W. 13; Plumber v. Dill, 156 Mass. 426, 31 N. E. 128; Schmidt v. Bauer, 22 Pac. 256; Benson v. Traction Co., 77 Md. 535. (2) It is incumbent upon the plaintiff not only to show that his wife was on the premises by invitation of the defendant, but at the time the injury was received, she was in that part of the premises into which she was invited and entered in a manner authorized by the invitation. Shaw v. Goldman, 116 Mo. App. 322; Archer v. Railroad, 110 Mo. App. 349; Glaser v. Rothschild, 120 S. W. 1; Barry v. Cemetery Association, 106 Mo. App. 358; Ryerson v. Bathgate, 51 Atl. 708; Walker v. Winstanly, 155 Mass. 301, 29 N. E. 518; Ethredge v. Railway, 122 Ga. 853, 50 S. E. 1003; Pierce v. Whitcomb, 48 Vt. 127; Peak v. Buell, 90 Wis. 508, 63 N. W. 1053; Cohen v. Kirby, 180 Mass. 504, 62 N. E. 968; Schmidt v. Bauer, 22 Pac. 256; Faris v. Hoberg, 134 Ind. 269, 33 N. E. 1028. (3) If we assume that the sign, "Visitors welcome, but the undersigned will not be responsible for injuries occurring on these premises," was an invitation, respondent next contends that it was a limited invitation and was given on the condition that the defendant should not be responsible for any injuries occurring on the premises. Contracts limiting liability against negligence are upheld where the act to be performed is not one which under the law such negligent party is required to perform. Railway v. O'Brien, 132 Fed. 593, 67 C. C. A. 421; Long v. Railway, 130 Fed. 870, 65 C. C. A. 354; Kelly v. Malott, 135 Fed. 74, 67 C. C. A. 548; Blank v. Railroad, 182 Ill. 332, 55 N. E. 332; Railway v. Keefer, 146 Ind. 21, 44 N. E. 796; Railway v. Mahony, 148 Ind. 196, 46 N. E. 917; Railway v. Wallace, 66 Fed. 506, 14 C. C. A. 257; Bates v. Railroad, 147 Mass. 255, 17 N. E. 633; Hosmer v.

Railroad, 156 Mass. 506, 31 N. E. 652; Peterson v. Railway, 119 Wis. 197, 96 N. W. 532; Railway v. Hamler, 215 Ill. 525, 74 N. E. 705; Russell v. Railway, 157 Ind. 305, 61 N. E. Rep. 678.

BROADDUS, P. J.—This is a suit to recover damages for the death of plaintiff's wife alleged to have been caused by the negligence of defendant.

On the 20th day of September, 1906, plaintiff's wife fell into a well or manhole on the defendant's premises at Excelsior Springs, Missouri, whereby she was severely injured from the effects of which she subsequently died. In the year of 1906 defendant purchased a tract of ground in Excelsior Springs, containing several acres, and known as the Elms Hotel grounds. The tract was bounded on the east by a stream called Fishing river; on the north by St. Louis avenue; on the west by Kansas City avenue; and on the south partly by Fishing river and partly by other lands. The tract is longest north and south and almost uniform in length, but it varies in width east and west, as the line on the east side follows the meandering of Fishing river. Prior to the time of defendant's purchase the tract was the site of what was known as the Elms Hotel which had been destroyed by fire and was unused except as will hereafter appear. At the northwest corner there was a pagoda erected over what was called the Sulpho-Saline Spring. Near the southeast corner of the tract was located what is known as Regent Springs. The site of the destroyed hotel was near the northwest corner, and the three buildings known as the bowling alley, engine house, and swimming pool were situated a short distance south and near the west line of the tract of land at Kansas City avenue. There was a gravel walk beginning near the center of the tract on the north extending nearly in a south line until it passed by the hotel ruins where it divided, one part going west and south, the other east and south in an elongated circle until they met be-

fore they reached the south line. The premises had been inclosed by a wire fence, but in places it had been allowed to fall into decay, and grass had grown up around the ruins of the destroyed hotel. There was an opening at the beginning of the walk on the north line; and there was also an entrance near the bowling alley from which a walk also connected with the one described and one from an entrance at the pagoda. There was the following writing posted up at these entrances, "Visitors welcome, but undersigned will not be responsible for accidents occurring on these premises." No business was being conducted except the sale of sulpho-saline water at the pagoda in the northwest corner. People of the town and others were in the habit of passing through the property on the walks in question in order to reach Regent Springs.

The waters of Excelsior Springs are noted for their curative properties. The plaintiff's wife had accompanied her young son to the town for the purpose of having him use them, he being afflicted with the rheumatism. They were staying at a cottage on the west just across Kansas City avenue and near the bowling alley, and the other buildings.

At about dusk on the day mentioned the deceased in company with Mrs. Missimer, with whom she was staying, crossed Kansas City avenue and entered the premises near a closed gate by passing over the wire fence which was down there. This point is almost opposite the ruins of the north wing of the destroyed hotel. They proceeded east until they came to a ditch or low place in the ground, in order to avoid which they turned a little north, when deceased fell into the well mentioned which was uncovered. The witness rescued deceased from the well and helped her back home. The map used in evidence locates this well close up to the ruins and near the northwest corner. Had not their journey been interrupted they would have reached the main north and south gravel walk a short distance in

front of the ruins. The evidence showed that many people resorted to these grounds but at the time there was no use being made of them except the sale of the sulpho-saline water. There were shade trees on the grounds and seats for persons along the side of the gravel walks.

On the close of plaintiff's evidence the court directed the jury to return a verdict for the defendant. This the jury did and judgment was rendered against plaintiff from which he appealed.

It is a question of dispute between the parties whether the deceased was upon the ground by the invitation of the defendant or whether she was a mere licensee.

We do not attach much importance one way or another to the signs put up of welcome to visitors with the understanding that the owner would not be responsible for accidents occurring on the grounds as applied to persons going there, on business. To such defendant owed the duty of reasonable care notwithstanding the condition attached to the words of welcome.

It is well settled that where the law imposes the duty of reasonable care, to one on whom such responsibility rests he cannot relieve himself of such duty by contract or otherwise. Such is the uniform ruling as between master and servant, and between carrier and passenger.

In the light of the facts, assuming that deceased was on the ground by invitation, and that defendant owed to her the duty of reasonable care, still we do not believe that she was entitled to recover, because she was not injured in that part of the premises to which her invitation extended. It was not contemplated that she would not use the walks available to persons passing through the grounds, and that she would select any other way.

143 App—24

It is held that where a person uses a merely permissive privilege optional with the user, "the duty to such person is no other than the duty one owes to another who may come upon his premises by express or implied invitation." The case was where the person abandoned a smooth path when in a hurry to get into a car and was injured by reason of a defective frog in the track. The court holds that she was guilty of contributory negligence. [Archer v. Railroad, 110 Mo. App. 349.] The deceased's invitation, if it was such, did not include passage over all parts of the grounds but only to the walks; and when she abandoned them she became a mere licensee and as such defendant did not owe her reasonable care for her safety. [Barry v. Cemetery Association, 106 Mo. App. 358.]

However under a late decision of the Supreme Court of Missouri the deceased was a mere licensee. The court says: "The owner or occupant of premises is under no duty to protect those who go on the premises as volunteers, or merely with his permission, from motives of curiosity or private convenience, and in no way connected with the business or other relations with the owner or occupant, and a bare licensee, barring wantonness, or some form of intentional wrong or active negligence by the owner or occupant, takes the premises as he finds them." [Glaser v. Rothschild, 221 Mo. 180.] The deceased went upon the premises purely on her own account and for her private convenience and in no way connected with any business with the occupant or owner. It seems to us the case is free from doubt. Affirmed. All concur.