Dean Porchey, by his Guardian, Otto Porchey, Appellant, v. Al E. Kelling, Doing Business as Al E. Kelling Service Station, and The National Refining Company, a Corporation.—No. 39288.— 185 S. W. (2d) 820.

Division Two, March 5, 1945.

*Montague Punch* for appellant.

*John F. Evans* for respondent The National Refining Company; *Eugene L. Rush* and *Douglas H. Jones* for respondent Al E. Kelling.

1038

BOHLING, C.—Cast on demurrer to his third amended petition nisi, plaintiff appeals. Otto Porchey instituted the action as guardian of Dean Porchey, a person of unsound mind (for convenience referred to as plaintiff), against Al E. Kelling and The National Refining Company, a corporation, for $75,000 damages on account of injuries suffered by his ward when he fell into one of the grease pits on premises owned by said corporation and operated by said Kelling as a gasoline and oil service station. The question is whether defendants are liable. The extent of the injuries are not determinative. The material facts alleged with respect to liability follow:

The premises involved are known as 2707 Big Ben boulevard, located at the southwest corner of Big Ben boulevard (a north and south street) and Manchester road (an east and west street) in Maplewood, St. Louis county, Missouri. The real estate (comprising six city lots) extends from Manchester road to Ellis avenue, being approximately 121 feet east and west and approximately 239 feet north and south. The corporate defendant owned the premises and the improvements and the individual defendant operated the automobile service station business conducted thereon. There were four grease pits (3 feet 8 inches wide by 5 feet long by 5 feet 3 inches deep) located on the southeast (or rear) portion of said premises with a space 5 feet 4 inches between the respective pits. These grease pits were used in servicing the underparts of automobiles while spanning the pit and had existed for about 8 years or more, having been in existence when the corporate defendant acquired its title. For about 8 years prior to the injuries in question defendants invited, suffered, permitted and consented to the public generally crossing over said premises as a

"short-cut" to and from Big Ben boulevard and Manchester road. While plaintiff, on the night of August 12, 1942, was undertaking to cross said lots from the southeast portion to the northwest corner (from Big Ben boulevard to Manchester road), plaintiff was caused to fall into the grease pit nearest Big Ben boulevard. The charge of negligence is that for about 8 years prior to August 12, 1942, defendants "failed to keep, maintain or display . . . any sign or notice, whatsoever, warning the public as to the presence and danger, at night, of said open, unprotected, unguarded and uncovered grease pits, or of danger in crossing over said lots where said grease pits were located, or forbidding the public from crossing over or using said lots, at night, at the southeastern portion of said lots, where said pits were located; and negligently and carelessly, during all the aforesaid times, caused, suffered and permitted the said pits, including the one nearest to Big Ben boulevard, to be and remain open, unguarded, unprotected, and in an unsafe and dangerous condition, at night, and calculated to do injury to the public, including this plaintiff, while crossing over said lots, in the nighttime, and being, thereby, likely to be thrown against and into said pits, or either of them, and being seriously injured thereby." The defendants' knowledge of this condition is also expressly alleged.

Plaintiff's brief states the issue thus: "Imprimis, was the appellant [plaintiff] an invitee?" Plaintiff admits the general rule to be that the owner or possessor of land is under no duty to protect entrants upon his premises who are mere volunteers, trespassers or licensees; but he asserts he is within an exception to this general rule under the pleaded facts in that the law exacts a duty of the owner or possessor of land to exercise ordinary care where the public has been accustomed to cross over his premises for a long period of time without objection, and by expressed or implied invitation and with his full knowledge. Plaintiff relies upon a number of cases involving entrance upon the premises for the mutual benefit of the entrant and the owner or for the benefit of the owner; entrants within the technical legal meaning of "invitees," sometimes termed "business invitees." Ilgenfritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S. W. 2d 723, and Bennett v. Nashville Rd. Co., 102 U. S. 577, 584, 26 L. Ed. 235 (frequently cited), are illustrative. The cases stressed by plaintiff are: Schaaf v. St. Louis Basket and Box Co., 151 Mo. App. 35, 131 S. W. 936 (adopted, 160 Mo. App. 598, 140 S. W. 1197), and Henry v. Disbrow Mining Co., 144 Mo. App. 350, 128 S. W. 841. Plaintiff's contentions are not to be sustained for a number of reasons; principally because plaintiff was not an "invitee" within the legal sense of the term, being at best not more than a licensee, and because he was not injured by any active or affirmative negligence on the part of the defendants.

In view of some of the cases cited by plaintiff, it might be well to mention a few legal factual situations not here involved. The case does not involve an attractive nuisance. Plaintiff was not making use of a public way, nor an apparent extension of a public way (Holmes v. Drew, 151 Mass. 578, 25 N. E. 22). He was not injured by a movable agency operated by the possessor of the premises, of the immediate presence of which he was oblivious, absent a warning. Eppstein v. Missouri Pac. Ry. Co., 197 Mo. 720, 94 S. W. 967; Ahnefeld v. Wabash Rd. Co., 212 Mo. 280, 111 S. W. 95, may be considered illustrative. His injuries were not the result of new dangers (excavations) created by the possessor within the ''short-cut'' or of any increase in the peril of user. Wheeler v. St. Joseph Stock Yards & Term. Co., 66 Mo. App. 260, is illustrative here; but consult Annotation, 20 A. L. R. 202.

Plaintiff was not an invitee, within the legal meaning of that term in this class of cases. At the time plaintiff was in the act of taking a ''short-cut'' at night between two public streets for his own convenience and to avoid the longer route around defendants' premises via the public ways. By reason of some inattention, he fell into an excavation, a stationary thing, long used by the possessor in the legitimate use of his premises and his injuries were not the result of any active affirmative conduct of the possessor. Plaintiff occupied the legal status of a ''licensee by acquiescence'' or ''permissive licensee.'' He came upon the premises for his own purpose and with the consent, expressed or implied, of the possessor.

The leading Missouri case on the subject is Glaser v. Rothschild (Banc), 221 Mo. 180, 184, 120 S. W. 1, 2, 22 L. R. A. (N. S.) 1045, 17 Ann. Cas. 576. LAMM, J., there said:

''(a) In such cases as this the root of the thing, the deciding question, is: Do the facts raise a duty, a breach of which is shown? . . . There are such sure and clear words in the law in that behalf that all doubts are resolved and one who runs may read. The general rule is that the owner or occupier of premises lies under no duty to protect those from injury who go upon the premises as volunteers or merely with his express or tacit permission from motives of curiosity or private convenience in no way connected with business or other relations with the owner or occupier. . . .

''A bare licensee (barring wantonness or some form of international wrong or active negligence by the owner or occupier) takes the premises as he finds them. His fix may be likened unto that of one who, buying lands, buys stones; or, buying beef, buys bones; or borrowing a coat, takes it with holes in and buttons off—that is, in the use of his bare license he takes on himself the risk of perils from defects in the premises. Mere permission without more involves 'leave and license,' but bestows no right to care. If A give B leave to hunt mushrooms for his table in A's field, and B fall into a ditch, or uncovered pit, and is

harmed, no duty was raised, no breach is made and, hence, no action lies. As put by way of illustration in the books, suppose A owns a sea-view, a cliff, and gives B permission to walk on the edge of the cliff for pleasure or air, it would be absurd to contend that such leave cast on A the burden of fencing the cliff to keep B from falling off.

''(b) But the situation with reference to liability radically changes when the owner invites the use of his premises for purposes connected with his own benefit, pleasure and convenience. That change calls into play other rules of law in order to do full and refined justice. The rule applicable to that change is that *a licensee who goes upon the premises of another by that other's invitation and for that other's purposes is no longer a bare licensee. He becomes an invitee* and the duty to take ordinary care to prevent his injury is at once raised and for the breach of that duty an action lies.''

 Stevenson v. Kansas City So. Ry. Co., 348 Mo. 1216, 1219, 159 S. W. 2d 260, 263, HYDE, C., writing, states:

''. . . *'the status of an invitee will not be accorded by permission to enter on or use the property, in the absence of any real benefit to the owner.'* . . . Thus, the real test of the status of invitee (to whom the owner has the duty to take ordinary care to prevent his injury) is the purpose of his visit. . . . One cannot be declared the invitee of the person sought to be held liable, for failure to exercise due care to prevent his injury, unless he was there for some purpose of real benefit or interest to such person. . . . [Here follow comments on the American Law Institute Restatement of Torts and terminology et cetera used in Missouri decisions. It is pointed out, in connection with the Restatement observations in Sec. 342 that the duty said to be owed to a gratuitous licensee to make safe or warn of a known and realized unreasonable risk that:] Even this rule, as to known conditions, goes beyond the Missouri rule that such a licensee 'takes the premises as he finds them.' '' (Italics within above quotations are our own.) Consult Savage v. Chicago, R. I. & P. Ry. Co., 328 Mo. 44, 52, 40 S. W. 2d 628, 631[2, 3]; Kennedy v. Phillips, 319 Mo. 573, 584 I, (a), 5 S. W. 2d 33, 37 I, (a); Ford v. Rock Hill Quarries Co., 341 Mo. 1064, 1070, 1072, 111 S. W. 2d 173, 175[2, 3]; Davis v. Ringolsky, 143 Mo. App. 364, 370, 127 S. W. 625, 626; Wyatt v. Kansas City Term. Ry. Co., 229 Mo. App. 179, 189, 74 S. W. 2d 51, 57[5-7]; West. Mo. Digest (1930), tit., Negligence, Sec. 32; tit., Railroads, Secs. 356, 358.

Missouri decisions involving this issue classify individuals as trespassers, licensees, and invitees. A licensee enters for his own purposes and with the permission, expressed or implied, of the possessor. An entrance made by sufferance, expressed or implied, distinguishes the licensee from the trespasser; and an entrance for the entrant's own purpose distinguishes a licensee from an invitee. The word ''invitation'' is not used in its popular sense but in the legal sense, indicat-

ing an entry for the benefit of the possessor or in the mutual interest of the possessor and entrant. The Missouri cases may not accord with all statements in the Restatement of Torts on this subject; but our search indicates they harmonize with the majority of the jurisdictions. Consult 38 Am. Jur., p. 765, Secs. 104-108, 129. Any relationship existing between a voluntary entrant (trespasser or licensee) and the owner or possessor of land springs from the voluntary act of the entrant. Wherein do legal grounds for the imposition of a duty on the owner or possessor of premises arise from the voluntary entry thereon, within itself? If acquiesced in by sufferance, the entrant should not complain; otherwise his self-beneficial act of entry would impose the duty to refuse the sufferance and to defeat the benefit of his entry by forbidding him to enter and drive him from the premises. The sole legal benefit accruing is to the entrant. We are not concerned here with any active or affirmative negligence on the part of the owner or possessor. Consult Annotation, 49 A. L. R. 378.

One sufficient distinction between the cases stressed by plaintiff, viz.: Henry v. Disbrow Mining Co., 144 Mo. App. l. c. 356-9, 128 S. W. l. c. 843, 4, and Schaaf v. St. Louis Basket and Box Co., 151 Mo. App. 35, 39, 43, 131 S. W. 936, 937, 938, is that in each active affirmative negligence inflicted the injury whereas here only passive negligence can be involved. Henry was an employee of the Disbrow Mining Company, and had entered to inquire when he should report to work—a matter of mutual business interest. Further, the defendant had changed the conditions existing at the time it went into occupancy under a mining lease, which reserved to the lessor all uses of the ground not consistent with proper mining. This, as we read the discussion, was considered to reserve the uses of the pathway the employees had previously proceeded over and being used by Henry. The Schaaf case follows the Henry case. Schaaf was using a sidewalk, the only one available. Our examination of the authorities cited to 38 Am. Jur., p. 788, n. 20, respecting a greater than usual duty to trespassers or licensees when using a way across another's premises do not in their precise rulings uphold the text insofar as plaintiff seeks to apply it to the private premises of the instant defendants. Some of the cases involved invitees; many involved an affirmative negligent act; and some relied upon earlier cases containing broad statements in arriving at much narrower holdings.

One entering to use a "short-cut" has been adjudged a licensee. Robinson v. Dodge, 28 Man. 533, 39 Dom. L. R. 679, 1 West Wkly, 812. See Rosenthal v. United Dressed Beef Co., 52 Misc. 166, 101 N. Y. S. 532; Brosnan v. Koufman, 294 Mass. 495, 2 N. E. 2d 441, 104 A. L. R. 1177, 1180[3]. A danger concealed only by the darkness of night does not make a licensor liable. Sherman v. Maine C. R. Co., 110 Me. 228, 85 Atl. 755, 43 L. R. A. (N. S.) 1134. Liability does not attach to a possessor for injury to an adult licensee

who falls into an excavation long maintained in the furtherance of his business, especially for passive as distinguished from active negligence. Annotation, 28 Ann. Cas. (1913C) 520.

The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.