David RICHEY, by his mother and next friend, Barbara Richey, Appellant,

v.

Lucian KEMPER, Respondent.

No. 51027.

Supreme Court of Missouri,

Division No. 2.

July 12, 1965.

Walter F. Moudy, Kansas City, for appellant.

Hale Houts, Thad C. McCanse, Houts, James, McCanse & Larison, Kansas City, for respondent.

STOCKARD, Commissioner.

Plaintiff has appealed from the judgment of the trial court dismissing his petition for failure to state a claim upon which relief may be granted. The prayer was for damages in the amount of $25,000, and this court has appellate jurisdiction.

Plaintiff alleged that defendant subdivided land owned by him into city lots which he sold, but that he retained a "house and large lot next to and adjacent to" the subdivision; that defendant "actively encouraged and expressly invited small children living next to his retained premises to use his aforesaid large lot as a playground and ball field;" that defendant "caused and permitted trash, junk, and logs to lay around on portions of said lot, and permitted weeds, uncut grass, and other vegetable growth to grow up around this trash, junk, and logs so that they were concealed and difficult to see and presented a hazard to small boys who might be playing and running on defendant's premises;" and that when plaintiff, then twelve years of age, was playing on defendant's lot and running through a portion where weeds, grass and other vegetable growth concealed the trash, junk and logs, he jumped over a log and "tripped and fell over an old tin can or bucket which was concealed in said weeds and uncut grass and other vegetable growth" and was caused to fall and break his arm and sustain the injuries for which damages were sought.

Plaintiff further alleged that defendant was negligent in "expressly inviting and encouraging small boys and this plaintiff to use his retained premises as a playground when he knew or should have known that the presence of weeds, uncut grass, and other vegetable growth would conceal the presence of trash, junk, and logs, and when he knew or should have known that it was dangerous for small boys to run and play on said premises and that it was likely that small boys would be injured by the presence of concealed junk, trash, and logs on said premises."

Missouri decisions classify persons who enter upon land in the possession of another as trespassers, licensees, and invitees. Porchey v. Kelling, 353 Mo. 1034, 185 S.W.2d 820, 823; McVicar v. W. R. Arthur & Company, Mo., 312 S.W.2d 805, 65 A.L.R.2d 785; Boyer v. Guidicy Marble, Terrazzo & Tile Co., Mo., 246 S.W.2d 742. Plaintiff was not a trespasser because he was on the land at the invitation and with the consent of the possessor. Neither was he an invitee, sometimes called a business guest. " '[T]he real test of the status of invitee (to whom the owner has the duty to take ordinary care to prevent his injury) is the purpose of his visit. * * * One cannot be declared the invitee of the person sought to be held liable, for failure to exercise due care to prevent his injury, unless he was there for some purpose of *real benefit* or *interest* to such person.' " Twine v. Norris Grain Co., Mo.App., 226 S.W.2d 415, quoting from Stevenson v. Kansas City Southern Ry. Co., 348 Mo. 1216, 159 S.W.2d 260, 263. Plaintiff does not allege facts from which it could be found that the purpose of his entry upon the land of defendant was of real benefit or interest to defendant, and there is no argument advanced that he should be treated as an invitee in the accepted legal classification under the existing rules in this state.

Plaintiff inferentially admits that he was a licensee because he entered the premises for his own purpose with the express consent of the possessor. McVicar v. W. R. Arthur & Company, supra; Twine v. Norris Grain Co., supra. In such situation the possessor of land is under no duty to such person to make the premises safe or to warn of dangerous conditions thereon, the possessor being liable only for "wanton or willful" acts or "active negligence." Glaser v. Rothschild, 221 Mo. 180, 120 S.W. 1, 22 L.R.A.,N.S., 1045, 17 Ann.Cas. 576. The negligence charged on the part of defendant in this case was not "active" or "wanton or willful," but it was what is characterized as "casual" or "passive" negligence. Ziegler v. Elms, Mo., 388 S.W.2d 839.

Certain carefully limited exceptions have permitted liability on the part of a possessor of land to an entrant thereon when no liability would exist under the above classification, but plaintiff does not rely on any of them. In fact, he affirmatively states that the instrumentality causing his injury does not qualify as an "attractive nuisance," and that it was not "inherently dangerous," so as to be within the doctrine stated in Boyer v. Guidicy Marble, Terrazzo & Tile Co., Mo., 246 S.W.2d 742. He also admits that the circumstances of this case are not governed by the "hard-by" doctrine as set forth in Wells v. Henry W. Kuhs Realty Co., Mo., 269 S.W.2d 761, 47 A.L.R.2d 1038. He further concedes that ordinarily a landowner has no duty to make his premises safe for those entrants who are not in a business relationship with him even though he might reasonably foresee a risk of harm from some condition on the premises. From this it is evident that under the present classification of entrants upon land in the possession of another and the duties imposed upon the possessors of the land as to each, including the presently existing exceptions to the general rules, no liability of defendant exists for injuries sustained by plaintiff under the factual situation alleged in the petition. However, plaintiff submits and contends that the facts of this case call for an extension of the exceptions to the

general rules, and, he asserts, "the possessor of land [should] have liability to an infant plaintiff where he actively encourages the use of his land by such plaintiff when, as here, he can foresee a substantial risk of harm to such plaintiff because of hidden defects on his land."

Without specifically so stating, plaintiff is proposing that as to infants we adopt the principles set forth in the Restatement, Law of Torts, § 342, pertaining to the liability of a possessor of land to what is there called a gratuitous licensee, or that we adopt what is called the "alternative theory" advanced in Prosser, Law of Torts, § 78, p. 455 in classifying who is an invitee, with the corresponding duties of the possessor of land.

A gratuitous licensee is defined in § 331 of the Restatement to be any licensee other than a business visitor, and in § 342 it is proposed that a possessor of land should be subject to liability for bodily harm caused to a gratuitous licensee by a natural or artificial condition if (a) the possessor knows of the condition and realizes that it involves an unreasonable risk to the licensee and has reason to believe that he will not discover the condition or realize the risk, and (b) invites or permits him to enter or remain upon the land, without exercising reasonable care to make the condition reasonably safe or to warn of the condition and the risk involved. This court has, on numerous occasions, after careful and searching consideration, ruled that the law of this state is not in accord with § 342 of the Restatement. Porchey v. Kelling, supra; Stevenson v. Kansas City Southern Ry. Co., 348 Mo. 1216, 159 S.W.2d 260, 263; Ziegler v. Elms, supra; Twine v. Norris Grain Co., supra. Plaintiff has not advanced, and we find none upon our own examination and study, any convincing reason why in this case the rule in this state as to licensees, developed from the experience of time and formulated in the crucible of debate and argument, should

now be changed. In fact, plaintiff does not cite § 342 of the Restatement, nor does he cite any case from another jurisdiction in which liability on the part of the defendant in the circumstances of this case was held to be authorized.

Plaintiff does not refer to Prosser's "alternative theory," but the basis of liability in that theory is that when one encourages others to enter upon his land to further a purpose of his own there is an implied representation that reasonable care has been exercised to make the place safe for those who come for that purpose. Prosser, Law of Torts, 2d ed., p. 455. We doubt that under this theory plaintiff has alleged facts from which it could be found that the invitation by defendant to plaintiff could be found to have been "to further a purpose of his own" unless it be said that every invitation by a possessor furthers his purpose, either practical or sentimental. However, this "alternative theory" has not been adopted in this state, and other than the presentation of the facts which naturally create a degree of sympathy for the plaintiff, he presents no compelling reason why the existing and established rule should now be changed, and sympathy alone is not a compelling reason whether it be for the plaintiff or defendant.

We conclude that plaintiff was a licensee, and that the facts alleged do not create a situation from which liability of the defendant may be found.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.