**Billy W. RAWSON, by and through his Next Friend, Orville Rawson, Plaintiff-Appellant,**

v.

**Herbert ELLERBRAKE and Emma C. Ellerbrake, Defendants-Respondents.**

No. 32669.

St. Louis Court of Appeals.

Missouri.

Nov. 21, 1967.

Application for Rehearing or for Transfer to Supreme Court Denied Dec. 26, 1967.

Application for Transfer Denied
Feb. 12, 1968.

Mogab & Hughes, St. Louis, for plaintiff-appellant.

Derrick & Holderle, Tyree C. Derrick, St. Louis, for defendants-respondents.

BRADY, Commissioner.

Plaintiff received verdict and judgment for $10,000.00 in the trial court. Defendants' motion to set aside the verdict and judgment and to direct a verdict in their favor was sustained and plaintiff appeals. Defendants' after-trial motion and the trial court's ruling thereon was on the ground plaintiff had failed to make a submissible case and for that reason we will state the evidence in the light most favorable to the plaintiff.

On August 15, 1963, plaintiff was six years and eight months old. He lived with his parents in defendants' three-family apartment dwelling on John Avenue in the City of St. Louis. The building was on the corner of John Avenue and North Florissant Road and was so constructed that there was no front yard but there was a yard to the side and to the rear. There was a building in the rear yard which had been used as a butcher shop at one time. About six to nine months prior to the day plaintiff was injured defendant Herbert Ellerbrake to-

gether with his son and nephew had placed a wrecked automobile in this building for the convenience of the nephew who was in the process of rebuilding another car using pieces taken from the wrecked automobile. At the time plaintiff fell the automobile had been placed on concrete blocks, the window glass was out, and the hood and certain other parts had been removed. Plaintiff had been playing with his brother and another child and had climbed to the top of the automobile. He leaned forward head first trying to "spit" on his brother and the other child who were inside the automobile and fell to the concrete floor receiving serious injuries which need not be detailed here.

While we must be primarily concerned with the submission made in the verdict directing instruction, the pleadings are of interest. We digress to note that the petition upon which this case was tried presented plaintiff's theory of landlord and tenant alleging this building was " * * * provided and maintained for the common use * * *" of the plaintiff and his parents with defendants maintaining control thereof. In the petition it is alleged that plaintiff's fall and consequent injuries " * * * were the direct and proximate result of defendants' *maintaining a nuisance and being negligent* in the following respects: * * *." (Emphasis supplied.) The sub-paragraphs of that paragraph of the petition allege defendants' negligence as placing the automobile in the building where they knew or should have known children were likely to play and be injured; failure to remove said automobile from the building when they knew or should have known children were playing on it and likely to be injured; failing to restrict the use of the building area so as to keep plaintiff and other children of tender ages from playing therein and on this automobile; and failing to warn said children against playing on the automobile. With respect to the theory of maintaining a nuisance the petition contains a separate sub-paragraph alleging "That the defendants negligently caused and permitted a condition to exist which constituted a nuisance."

Plaintiff's verdict directing instruction was a modified version of MAI 22.05 requiring the jury to find for the plaintiff if they believed defendants permitted this partially dismantled and wrecked automobile to be placed in this building at the rear of the house plaintiff was occupying; that this building was in the possession and control of defendants and used by defendants and the plaintiff and his family with defendants' consent; that "defendants knew or by using ordinary care should have known, that children while playing in said rear building would play upon and about and in the aforesaid wrecked and partially dismantled automobile; that defendants could reasonably have anticipated that children, while so playing, would sustain injury and that therefore said place was not reasonably safe;" and that defendants failed to use ordinary care to remove the automobile as a direct result of such failure plaintiff was injured.

There was no issue raised during trial, neither is any raised in this appeal requiring us to further consider plaintiff's allegation of the maintenance of a nuisance. As plaintiff's verdict directing instruction makes abundantly clear, the issues were joined and the case tried and submitted upon the theory of negligence in failing to use ordinary care to remove the automobile.

The relationship of the parties as to this building at the rear of the house was hotly disputed. We will not burden this opinion by stating the evidence pertaining to that issue for the reason that taking plaintiff's case in its strongest light; i. e., assuming arguendo the relationship of the parties was in fact landlord and tenant as to this building, we have determined that plaintiff did not make a submissible case and the trial court's action in sustaining defendants' after-trial motion must be affirmed.

 The reported cases in this jurisdiction make abundantly clear our adoption

and approval of the rules set forth in Restatement, Second, Torts § 360, p. 250, which reads as follows: "A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a *dangerous condition* upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe." (Emphasis supplied.) Did the defendants create or maintain a "dangerous condition" by placing this automobile in the rear building?

The case of Terry v. Sweeney, Mo.App., 420 S.W.2d 368, an opinion by Judge Anderson of this court, handed down September 19, 1967, presents a somewhat similar factual situation. However, while similar it is not the same and the distinctions compel a different result. In Terry it clearly appeared from the evidence that the bed was defective and was known to be defective by the landlord's agent. Thus in the opinion in the Terry case the following appears: "Was the bed a dangerous instrumentality? Mrs. Benka testified that the bed spring was broken and the brad that held the bar which connected the short leg to the rounded leg was loose, so that if the legs were not pulled out far enough the legs would fold under when the bed was sat upon. * · * * It thus appears that the bed had some infirmities which a jury could reasonably find rendered it dangerous when used by one not familiar with its condition or when not set up properly." And later in the same opinion it is stated: "It appears that the bed contained defective parts. Mrs. Benka, defendant's manager, knew of this condition. She also knew that if the bed was not set up properly it would collapse when sat upon." In the instant case there is no contention the automobile was in any way defective. It

was missing some parts which had been taken from it but there was no proof nor contention made what remained was defective. It should be pointed out also that the automobile itself did not injure the plaintiff in the instant case while in Terry v. Sweeney, supra, it was the defective bed that caused the injury. Plaintiff did not strike a part of the automobile as he fell. Neither was there any allegation any sharp or protruding or broken or missing part of the automobile caused the fall. Plaintiff's evidence simply is that the child was playing on top of the automobile, fell off of it, and was injured, not by the automobile, but by the contact of his head with the concrete floor. Under these circumstances we cannot consider the automobile a dangerous condition. To hold otherwise would mean that the maintenance of any object upon which children might be reasonably expected to play could subject the landlord to liability for injuries that occurred in a fall therefrom. A tree, for example, if we were to adopt plaintiff's contention, would become a dangerous condition subjecting a landlord to possible liability should he leave it in the yard of premises leased to a family with children. The same would be true of a brand new automobile moved directly from the dealer's showroom to such a building as here involved or to a garage where the landlord knows or should know that children were in the habit of playing. The result would be to make a landlord an absolute insurer as to the safety of his tenants, especially those of tender years. This neither is nor should be the law.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment is affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.