Harold J. STOEPPELMAN, Plaintiff-Respondent,

v.

HAYS–FENDLER CONSTRUCTION COMPANY, a corporation, and Traroloc Investment Company, Inc., a corporation, Defendants-Appellants.

No. 32967.

St. Louis Court of Appeals.

Missouri.

Dec. 17, 1968.

Motion for Rehearing or to Transfer to the Supreme Court Denied Jan. 23, 1969.

Application for Transfer Denied March 10, 1969.

Robertson, DeVoto & Wieland, Morton K. Lange, St. Louis, for defendants-appellants.

Murphy, Roche & Schlapprizzi, Byron A. Roche, St. Louis, for plaintiff-respondent.

SAMUEL E. SEMPLE, Special Judge.

Plaintiff sued for damages for personal injuries sustained when he fell on stepping into an excavation along the wall of a new addition being constructed to a building in which plaintiff worked. The defendants were the owner of the premises and the contractor performing the construction work. Plaintiff obtained a verdict for $10,000 against both defendants. The defendants appeal from the judgment rendered on the verdict.

The plaintiff was injured about 11:00 P.M., July 13, 1962, as he was leaving the building occupied by his employer, the Color-Art Printing Company, and owned by defendant Traroloc Investment Company, Inc. The building, located at 10324 Highway #66 on the south side of the street in St. Louis County, Missouri was a two story structure with a single story wing to the rear which did not extend entirely across the rear of the two story portion. On July 3, 1962, defendant Traroloc contracted with defendant Hays-Fendler Construction Company to build an addition to the building. This addition was to be L-shaped enlarging the one story wing at the rear by extending the wing west to the full width of the two story structure. A driveway ran along the west side of the building to a parking lot located at the rear of the premises.

Plaintiff's employer, Color-Art Printing Company, as a tenant in the building occupied all of the first floor of the two story structure, part of the second floor and all of the one story wing to the rear called the bindery. There were two or possibly three other tenants in the building at the time of the occurrence. The employees of Color-Art Printing Company used the door into the bindery which was located on the west wall of the bindery department. This was a double door approximately eight feet wide by eight feet high. This bindery door had been used by some of the Color-Art employees during the time the construction work was in progress, was also used to receive delivery of materials, by customers using it to go in and have paper cut and by other tenants in the building.

At the time of the incident here involved the construction work on the addition had progressed to where the west wall was being erected. A steel door frame was propped up directly opposite and west of the double door of the bindery. This door frame was propped up by timbers and a two by four was placed on a couple of concrete blocks and wedged between the sides of the frame to hold the sides apart. This two by four was about eight inches above the ground surface inside the door frame. This area between the bindery door and the door frame for the new wall was covered with white chat. There was no excavation inside the door frame. On the outside of the door frame was an open trench approximately 18 to 20 inches wide and three feet deep. This excavation having been made for the footings to be poured and had never been filled up.

Plaintiff on the date in question worked with his assistant, Ervin Toenjes, in his office in the building. Two other employees of the company, McNabb and Lorenz, were working that night. About 11:00 P.M., the plaintiff and the other men were ready to leave. The men locked up the building and went to the bindery where Toenjes told the other men to go ahead while he turned out the lights. Plaintiff stepped through the old bindery door into the area of new construction ahead of McNabb and Lorenz. He walked over to the new doorway and stepped over the two by four at the bottom of the door frame into the excavation for footings and fell. There were no warning lights or barricades at the excavation. Plaintiff generally knew that the construction was going on

and knew that there had been excavation for footings, however, he had not used this bindery door at any time during the construction work and did not know that the ditch was still there when he stepped out of the doorway.

There was some question under the evidence as to whether Toenjes had turned out the lights in the bindery when plaintiff stepped out the door, however, there was evidence that even with the bindery lights on the excavation was in the shadow and not visible from inside the doorway.

Defendants filed a joint motion for a directed verdict at close of plaintiff's evidence which was overruled. The defendants stood on their motion and did not put on any evidence.

Defendants first complain that plaintiff failed to make a submissible case of negligence because plaintiff was no more than a bare licensee and as such was required to take the premises as he found them. Defendants argue the place where plaintiff was injured was not leased to plaintiff's employer and was not to be used by plaintiff's employer during the time of construction as the defendant owner of the premises was in control of that part of the property. Citing Porchey v. Kelling, 353 Mo. 1034, 185 S.W.2d 820, 822. Defendants further argue that plaintiff was a licensee because he went out of the door in the new construction for his own convenience and the place where he fell was outside the bounds of any invitation he may have had to be on the premises. Citing Gruetzemacher v. Billings, Mo., 348 S.W. 2d 952, 958. Defendants further argue that even if plaintiff was an invitee he is still not entitled to recover because the danger of injury due to the excavation on the outside of the doorway was as well known to plaintiff as to the defendants. Citing Sherman v. Alexander & Sons, Mo. App., 108 S.W.2d 616; Ecker v. Big Bend Bank, Mo.App., 407 S.W.2d 45, 47; Wilburn v. Southwestern Bell Telephone Co., Mo.App., 382 S.W.2d 49, 53.

Defendants' argument and the cases cited deal with rules respecting the duties of an owner or occupier of premises to persons classified as bare licensees or invitees. These rules however do not apply where the relationship of landlord and tenant obtains. In such cases the required standard of care to be exercised by the landlord toward a tenant and those standing in his right, though defined as the exercise of ordinary care, afford greater protection in that actionable negligence may exist even though the injured party may be aware of the defect and its dangerous potentialities. O'Neill v. Sherrill, Mo.App., 254 S.W.2d 263, 267.

It should be noted that there are two defendants involved here. The Traroloc Investment Company, the owner of the premises, and the Hays-Fendler Construction Company, employed by the owner to construct the new addition to the existing building. With respect to defendant Traroloc, the plaintiff's theory of liability is not based on whether plaintiff was a licensee or an invitee. The plaintiff apparently relied on the rules as to liability where the relationship of landlord and tenant exists.

"A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe." 2 Restatement of Torts, § 360, p. 250; Zacher v. Missouri Real Estate & Ins. Agency, Inc., Mo., 393 S.W.2d 446, 448; Rawson v. Ellerbrake, Mo.App., 423 S.W.2d 14, 16.

Viewing the evidence in the light most favorable to the plaintiff it appears that plaintiff did make a submissible case

with respect to defendant Traroloc. There was undisputed evidence that plaintiff was an employee of Color-Art Printing Company, one of the tenants on the premises owned by defendant Traroloc. It was also undisputed that defendant Traroloc was exercising control over the portion of the property where plaintiff was injured in having the new addition constructed. It was further undisputed that customers of Color-Art used the doorway in question to pick up orders and employees of Color-Art Printing Company and other tenants in the building used this doorway as a regular means of exit and entrance into the building in going to and from the driveway and parking lot at the rear of the building during the time the construction work was going on. Under these circumstances it appears that defendant Traroloc was on notice of this doorway being used by tenants, employees of tenants and customers of tenants. There was no direct evidence or legitimate inference that the owner Traroloc had denied or restricted the use of this part of the premises in any way to its tenants, their employees and customers. It is concluded that defendant Traroloc maintained control over this portion of the premises and was under a duty to use ordinary care to keep the place in a reasonably safe condition for plaintiff and other employees of tenants to use in entering or leaving the bindery by the west door thereof. Taylor v. Hitt, Mo.App., 342 S.W.2d 489, 493.

■■ Defendants also argue that plaintiff had the same knowledge of the condition at this doorway that defendant Traroloc had. While it is true that there was evidence that plaintiff knew that the addition was being constructed and knew that there had been an excavation for footings there was direct evidence that plaintiff had no knowledge that on the outside of the foundation a ditch existed. The appearance of the doorway as it was used by plaintiff gave a deceptive appearance as the floor inside the doorway was smooth and with no excavation existing. However, even assuming there was evidence of plaintiff having full knowledge of the condition at the doorway and the danger connected therewith it would be of no aid to defendant Traroloc because, as against the landlord, the tenant's knowledge of a defective condition in the premises over which the landlord has control, is of force only as it bears upon the tenant's contributory negligence. Thompson v. Paseo Manor South, Inc., Mo.App., 331 S.W.2d 1, 6.

■ Although defendants generally state that plaintiff failed to make a submissible case against both defendants Traroloc, the owner of the property, and defendant Hays-Fendler, the construction contractor, all of defendants' argument is directed at the failure of plaintiff to make a submissible case against defendant Traroloc as the owner of the property. However, this may be because defendants recognize the rule that defendant Hays-Fendler, the contractor, owed plaintiff the same duty as that of the owner defendant Traroloc.

■ One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability and enjoys the same freedom from liability as though he were the possessor of the land, for physical harm caused to others upon the land by the dangerous character of the structure or other condition while the work is in his charge. Restatement of Torts 2d, § 384. See Edwards v. E. B. Murray & Co., Mo.App., 305 S.W.2d 702, 706. It is therefore concluded that plaintiff made a submissible case against defendant Hays-Fendler.

Defendants next contend that plaintiff was guilty of contributory negligence as a matter of law. They point out that plaintiff knew that there had been an excavation for footings when construction started on the new addition and he also knew that the construction work was still in progress. That he had no information to lead him to believe the excavation had been backfilled.

That plaintiff as he went out of the doorway could not see beyond the doorway because of a cone of darkness and yet he stepped out of the doorway without being able to see where he was stepping. Defendants say that these facts in the light of cases they cite conclusively establish as a matter of law that plaintiff failed to exercise the care required of him for his own safety. However, the fact situation on which defendants premise their conclusion is not as simple as argued by defendants.

 It is well settled that the issue as to whether plaintiff was contributorily negligent as a matter of law must of course be determined on the particular facts and circumstances presented in this case; and the issue of contributory negligence was for the jury, unless upon the evidence and all the favorable inferences deducible therefrom when viewed in the light most beneficial to plaintiff, reasonable minds could not fairly differ as to plaintiff's negligence. Walker v. Massey, Mo.App., 417 S.W.2d 14, 25; Sutton v. Fox Missouri Theatre Co., Mo., 336 S.W. 2d 85, 90, 91.

 In this case, although the evidence shows that plaintiff knew that an excavation had been made for footings for the walls of the new addition, and knew that construction was not completed and stepped through the doorway into darkness where he could not see where he was stepping, all as argued by defendants, yet there are other circumstances which must be considered. Plaintiff did not know that a trench or excavation existed outside the doorway along the wall. In the lighted area inside the doorway in the new addition there was no trench or excavation. The surface was level right up to the doorway. There was nothing to indicate to plaintiff that all backfilling had not been done, especially when this area was used by the employees, customers and other tenants. There was no evidence or any possible inference from the evidence that anyone warned plaintiff of this condition.

None of the cases cited by defendants shed any light upon a situation comparable to that here presented and nothing would be gained by discussion of them. Representative of the many cases cited by defendants are: Adler v. Laclede Gas Co., Mo., 414 S.W.2d 304; Boland v. Thompson, Mo. App., 142 S.W.2d 790; Jennings v. Industrial Paper Stock Co., Mo.App., 248 S. W.2d 43; Dietz v. Magill, Mo.App., 104 S.W.2d 707. We are convinced that the facts shown in evidence in this case, considered from the standpoint of whether plaintiff was in the exercise of ordinary care under the circumstances shown, was a jury question as to plaintiff's contributory negligence. Taylor v. Hitt, supra; Sutton v. Fox Missouri Theatre Co., supra.

 Defendants next assign as error the giving of Instructions 4 and 5 by the court which were the verdict directing instructions of plaintiff against each defendant. Defendants argue that both instructions were erroneous because they omitted essential elements of plaintiff's cause of action. Defendants argue that both instructions failed and omitted to require any finding of plaintiff's status such as a bare licensee, invitee, etc. Such a finding was not required in the instruction as we have determined that plaintiff made a submissible case on the theory that plaintiff was an employee of a tenant and was injured in an area under the landlord's control. The instructions given were apparently based on that theory. The determination as to the status plaintiff occupies was not one of fact for the jury to determine but is one of law for the court to determine in submitting the case. This contention is not well taken. Defendants also argue that the instructions did not require a finding that plaintiff had no knowledge or could not have had knowledge of the excavation. A landlord's liability is distinguished from that of a normal invitor-invitee case in that the landlord is subject to liability irrespective of whether lessee or those upon the land in his right know or do not know of a dangerous condition.

Restatement of Torts, § 360, Committee's Comment under § 22.05 Missouri Approved Instructions. Thus the issue of knowledge by plaintiff was not a proper part of the submission in these instructions.

Defendant also argues that the instruction omitted the essential element that the site of the injury was an area under the landlord's control and was used by tenants of defendant with its consent. Citing the notes on use of § 22.05 Missouri Approved Jury Instructions. This argument assumes that there was a disputed issue in the case as to whether the site of the injury was an area in the landlord's control. It does not appear that control by the landlord was a disputed issue. Both defendants admitted in their answers that on the date of plaintiff's injury and for about 7 to 10 days prior thereto that defendant Hays-Fendler performed construction work on the premises by virtue of a written contract between defendants. This admission in the pleadings infers that defendant Traroloc as landlord of Color-Art was exercising control over this part of the premises by having the construction work performed. There was also an incident in the trial when plaintiff sought to introduce in evidence provisions of a lease between plaintiff's employer and defendant Traroloc and defendant objected to the offer. The court, in sustaining the objection, and defendants' counsel made the following comment:

"THE COURT: I will sustain the objection, but on the ground that the evidence presently shows that the premises were still under the control of Traroloc on the date of plaintiff's injury.

MR. DE VOTO: I believe that's correct."

■ Plaintiff also introduced in evidence portions of the contract between defendants Hays-Fendler and Traroloc which provided that the owner (Traroloc) would be permitted access to facilitate observation of the work by owner and public au-

thorities at all times. All of the circumstances presented indicate that the owner Traroloc and the contractor Hays-Fendler were exercising control over the area which was the site of the injury. There is nothing in the record to indicate otherwise. There was no real issue as to control by the landlord and contractor and it was not necessary to hypothesize this as an additional issue in the instructions. See Notes on Use of Instruction, § 22.05 Missouri Approved Jury Instructions.

■ Defendants also argue that the instructions were broader than the pleadings and evidence in that plaintiff's petition alleged plaintiff was a business invitee but did not allege a landlord-tenant relationship and that the evidence failed to establish a landlord-tenant relationship. However, even if the petition was insufficient as to alleging the existence of the landlord-tenant relationship there was no objection made when testimony was offered and under such circumstances the petition should be considered as amended to conform to the evidence. Miller v. Ransom and Co., Mo.App., 407 S.W.2d 48, 52; V.A.M.R. Rule 55.54. We have previously ruled herein that the evidence did establish the existence of the landlord tenant relationship.

■ Defendants also argue that the instructions were broader than the pleadings and evidence because they permitted a finding that the defendants created a hazardous and deceptive condition. Defendants argue in substance that the petition in charging the defendants with negligence alleged a failure to warn of the existence of the ditch, failed to cover ditch or failure to put up barricades, etc., but there was no allegation in plaintiff's petition charging defendants with creating a hazardous and deceptive condition. This argument misconstrues the effect of this portion of the instruction. The finding required in the instruction was that the excavation near the new outside bindery door created a hazardous and deceptive condition. The finding

does not directly charge defendants with creating the condition directly as defendants argue. The instruction was not broader than the pleadings and the evidence as defendants complain.

Defendants next complain that the court erred in permitting plaintiff to testify that he had been in the Air Force and had been in good physical condition and had taken physical examination for the Air Force and the Air National Guard. That the only purpose of this evidence was to create sympathy or prejudice for plaintiff because of his military service. A reading of the testimony objected to here reveals that plaintiff was trying to show his good physical condition prior to his fall. It has long been held in a personal injury action the health and physical condition of the injured person prior and subsequent to the accident is material and any competent evidence tending to prove or disprove the nature and extent of injuries alleged to have been received is admissible. Eickmann v. St. Louis Public Service Co., Mo., 323 S.W.2d 802, 806. The extent of plaintiff's injuries was put in issue by defendants' answers filed to plaintiff's petition. The record does not clearly show the subject of plaintiff's military service was developed for any other reason than to show plaintiff's good health before the injury. It was largely a matter of the trial court's discretion in admitting it. No error is found in admitting this evidence. See Girratono v. Kansas City Public Service Co., Mo. App., 243 S.W.2d 539, 547.

The defendants next assign as error the court admitting in evidence the portion of the contract between the two defendants marked plaintiff's Exhibit No. 10. Defendants argue that the contract was not relevant and particularly the portion of the contract which provided that defendant Hays-Fendler agreed to hold harmless defendant Traroloc from any acts of negligence or neglect on part of defendant Hays-Fendler during the construction work on the premises. Defendant argues that this in effect told the jury that it was an insurer of plaintiff's injuries. That it had the same effect as showing an insurance company was interested in the defense. Citing Olian v. Olian, 332 Mo. 689, 59 S.W.2d 673, 675. The portions of the contract introduced in evidence by plaintiff were a general provision as to the general intent of the contract to include all labor, appliances and services of every kind necessary for proper execution of the construction work; a provision that the contractor (Hays-Fendler) would adequately protect the work, adjacent property and the public and be responsible for any damages or injury due to his act or neglect; and a provision that the contractor should permit and facilitate observation of the work by the owner at all times. It is obvious that this exhibit was used to demonstrate the control that the defendant owner and defendant contractor exercised over the part of the property where plaintiff was injured. Such evidence was competent and relevant and admissible. It is well settled that in a jury case where evidence is admissible for one purpose or one issue, but would be improper for other purposes or other issues it should be received. Dyer v. Globe-Democrat Publishing Co., Mo., 378 S.W.2d 570, 581; Nuckols v. Andrews Investment Co., Mo.App., 364 S.W. 2d 128, 139. The contention is denied.

Defendants' next assignment is that the court erred in allowing the jury to consider evidence that boards were placed over the excavation after plaintiff's injury. Defendants argue that this testimony was offered for the only purpose of showing an inference or implied admission on part of defendants of the negligence charged against them. Citing Gignoux v. St. Louis Public Service Co., Mo.App., 180 S.W.2d 784. Defendants refer to the testimony of plaintiff's witness McNabb who was shown a picture marked Plaintiff's Exhibit No. 4 which had previously been admitted in evidence without objection. The picture showed the doorway where plaintiff was

injured with some boards over the excavation outside the door. Witness McNabb's attention was called to the fact that the picture was taken some two weeks after the accident. He was also apprised of the picture showing boards over the excavation. He was then asked, "Now, was that following Mr. Stoeppelman's fall that boards such as that were laid over the excavation? Answer: Yes."

■ It is a well settled rule of evidence that, after the happening of an accident resulting in injury to the plaintiff, the defendant took precautions to prevent a recurrence of the accident, or made changes or repairs in the property or place causing the accident, is not competent for the purpose of originating an inference or implying an admission on defendant's part of the negligence of which he is charged. However, the circumstance presented in a particular case may be such as to make evidence of this type admissible in proof of some incidental fact or issue in the case. Brule v. Mayflower Apartments Co., Mo. App., 113 S.W.2d 1058, 1060; 65 C.J.S. Negligence § 225a; Atcheson v. Braniff International Airways, Mo., 327 S.W.2d 112, 116.

■ Plaintiff had used another witness Toenjes before putting on McNabb. Toenjes testified that there had been boards over the excavation at times during the construction work and stated he had walked across these boards but could not say whether there were boards over the excavation the night plaintiff was injured. Thus it would appear that the testimony of McNabb that boards were not put over the excavation until after plaintiff's injury was relevant on the basic issue of defendants' negligence of whether an unsafe condition existed at time of the injury and whether defendants knew or by exercise of care could have known that the condition existed. Toenjes' testimony was uncertain as to whether the excavation was covered or uncovered prior to or at the time of the injury. McNabb's testimony as to when the boards were used was material to the issue of the condition of the premises prior to and at the time and place of plaintiff's injury.

Defendants' final assignment of error is that the court erred in permitting counsel for plaintiff in making his argument to the jury to comment that defendants had the burden of causing the jury to believe the propositions necessary to support their defense of contributory negligence and then commenting on defendants' failure to produce evidence to support their defense of contributory negligence.

■ As we have previously stated herein defendants did not introduce any evidence but rested at the close of plaintiff's case. Of course defendants had the privilege of doing this. Defendants' counsel also had the privilege of explaining to the jury why it was defendants did not put on any evidence. Plaintiff's counsel can legitimately comment on defendants' failure to introduce evidence and urge that since defendants had not introduced evidence to support their defenses of contributory negligence the facts and circumstances were as they were stated by plaintiff's witnesses and defendants had no defense. Brawley v. Esterly, Mo., 267 S.W. 2d 655, 664; Johnson v. St. Louis Public Service Co., Mo.App., 256 S.W.2d 308, 312; Smith v. Kansas City Rys. Co., 208 Mo.App. 139, 232 S.W. 261, 263. The argument made by plaintiff's counsel does not appear to be improper and the assignment of error is denied.

The judgment is affirmed.

ANDERSON, P. J., and BRUCE NORMILE, Special Judge, concur.