ANDREW M. DONOVAN & another *vs.* JOSEPHINE VENNIK. February 1, 1963. Exceptions overruled. In this action of tort the minor plaintiff and his father joined in a declaration containing four counts. The first alleges that the minor plaintiff was injured by reason of the gross negligence of the defendant, and the second by reason of the wilful, wanton or reckless conduct of the defendant, in the operation of a motor vehicle. The third and fourth counts are allegations on similar grounds by the father of the boy, who seeks to recover consequential damages. At the time of the accident the minor plaintiff was two years of age. The defendant's house was situated across the street from that of the plaintiffs. On the morning of the accident, the defendant left her house and went to

Rescripts.

the garage which adjoined it for the purpose of backing out her car. She saw the minor plaintiff at play across the street. She went into the garage, having observed that there was no one in the driveway. She entered her car and, having looked in her rear view mirror, proceeded to back out "very slowly," stopping the car in order to close the garage doors. Hearing a cry she went to the rear of the car and saw the boy underneath but not "anywhere near the wheels," his body being parallel to the wheels. She could not determine whether he was injured at that time. She told the boy to lie still, reëntered the car, and drove forward "2 or 3 feet." She then went once more to the rear of the car, picked him up, and at that time observed that he was cut and bleeding on the top part of his left ear. The boy had on prior occasions frequently played on her lawn to which she had no objection. At the close of the evidence the defendant moved for a directed verdict on each count and the motion was granted subject to the plaintiffs' exception. There was no error. The boy was a licensee. With the defendant's tacit acquiescence he had occasionally come previously upon her property to play. See *Trott* v. *Yankee Network, Inc.* 335 Mass. 9, 12. There is no evidence here to support any claim that the defendant engaged in any wilful, wanton or reckless conduct resulting in injury to the minor plaintiff. *Siver* v. *Atlantic Union College,* 338 Mass. 212.

*Louis Karp (Arthur L. Murray* with him) for the plaintiffs.
*Alfred E. LoPresti, Jr.,* for the defendant.