RUTH ROBERTS & another, coexecutors, vs. REUBEN A. GROSSMAN, INC. & another. November 1, 1963. Exceptions overruled. The original plaintiff (the plaintiff) brought this action of tort for negligence against the defendant Grossman, the owner of a building located between Parking Way and Hancock Court, Quincy, and against the defendant W. T. Grant Company, the lessee, on a business percentage rental, of the store on the first floor of the building. The Commonwealth's employment security office was the tenant on the second and third floors at a fixed rental. The front entrance to the Grant store was on Parking Way. The building was so constructed on the terrain that the roof of the Grant store was on the same plane as Hancock Court. The roof was maintained by Grossman as a parking lot for the use of Grant's customers, except for a lane five feet wide, defined by parallel white timbers on the ground, which permitted foot travel to the Commonwealth's office on the same level as the parking lot. Access to the store below could be had by stairs in the Commonwealth's office and from two kiosks on the lot. Movable stanchions and a chain, anchored to a fixed post on each side of the lane, were provided by Grossman, and were adjusted by Grant's employees to fence off the lot, except the lane to the Commonwealth's office, when the store was closed. About 10 A.M. during a drizzle when visibility was poor, the plaintiff, on foot, intending to go to the Commonwealth's office and thereafter to Grant's, did not use the lane reserved for access to the office but attempted to enter the parking area as a short cut, and in doing so tripped over a chain six inches above the ground, and was injured. There was no error in directing verdicts for the defendants. Although on premises demised to Grant, the plaintiff was not then an invitee of Grant, which had no beneficial interest in her business with the Commonwealth. See *Pereira* v. *Gloucester Community Pier Assn. Inc.* 318 Mass. 391, 395. Nor is Grossman liable. At the place of injury the plaintiff was a licensee who took the premises as she found them. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515, 518–519. *Cohen* v. *Davies,* 305 Mass. 152, 154–155. *Paris* v. *Howard D. Johnson Co.* 340 Mass. 739, 741–742. The plaintiff's business was with the Commonwealth whose invitees had no right to use premises demised to Grant. Grossman, as the owner, had no financial interest in the Commonwealth's business as a tenant. See *Underhill* v. *Shactman,* 337 Mass. 730, 733–734. Questions of evidence need not be discussed. This is the opinion of the majority of the court.

*Bernard A. Dwork* for the plaintiffs.

*William J. McCluskey* for Reuben A. Grossman, Inc.

*William H. Taylor, Jr.,* for W. T. Grant Company.