ETTA CONKLIN *vs.* BOSTON HOUSING AUTHORITY.

Suffolk.   October 4, 1967. — November 30, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Landlord and Tenant*, Landlord's liability to tenant or one having his rights, Public housing development. *Negligence*, Invited person.

Evidence did not show that a tenant of an apartment in one of the buildings in a municipal housing authority development had the status of an invitee of the authority when her foot went into a hole and she fell and was injured while walking alongside another building of the authority within the development, even if the authority knew

Conklin *v.* Boston Housing Authority.

or had reason to know that the area where she was injured was used by others as a shortcut; and as at most a mere licensee in that area she could not recover from the authority on the ground of negligence on its part with respect to the hole.

TORT. Writ in the Superior Court dated December 26, 1961.

The action was tried before *Barron, J.*

*David W. Kelley* for the defendant.

*Hertz N. Henkoff* for the plaintiff.

SPALDING, J. In this action of tort the plaintiff had a verdict, which was taken under leave reserved. The case is here on the defendant's exceptions to the denial of its motions for a directed verdict and for the entry of a verdict in its favor under leave reserved; the defendant also excepted to certain rulings on evidence.

The evidence most favorable to the plaintiff was as follows: The plaintiff was a tenant at the defendant's Columbia Point Housing Development (development). She and her husband, who is now deceased, became tenants in 1957, occupying an apartment on the sixth floor of a building located at 14 Brandon Avenue. The development consists of twenty-seven separate residential buildings and two utility buildings, the latter being used in common by all tenants. From photographs, which are before us, all the areas surrounding the buildings in the development appear to be covered with blacktop. Certain areas adjacent to the various buildings were set apart for the purposes of play and the drying of clothes.

On March 15, 1961, the plaintiff left her apartment to go to the Boston Public Library "bookmobile" which came to the development every week and parked in different places. She went out the back door of her apartment building, crossed over the parking lot in the rear, crossed Montpelier Road and walked over the blacktop alongside the building (which was part of the development) at No. 26 Montpelier Road. When the plaintiff was in the side yard about six or seven feet from the building, she saw the "bookmobile" and, as she continued, her foot went into a hole and she fell.

No contention is made that the hole where the plaintiff fell was not a defect. The sole argument pressed by the defendant in support of its motions is that the plaintiff's status at the place where she fell was that of a licensee. If the plaintiff was a licensee she would not be entitled to recover, for there was no evidence of wanton or reckless conduct. The plaintiff bases her right to recover on negligence, and to prevail on this ground she must establish that her status was that of an invitee.

The precise question to be decided is succinctly stated by the defendant, and, slightly paraphrased, it is this. Does the owner of a housing project owe to a tenant in an apartment of one of its buildings, who passes through the side yard of another building owned by the same landlord on the other side of a public way, the duty to use reasonable care to keep that side yard in as good condition as it was, or appeared to be, at the time of the letting? We have not hitherto had occasion to discuss the duty owed by the owner of a public housing development to one who is a tenant in one of its buildings but sustains an injury on that portion of the premises which is adjacent to a separate building some distance away but still within the development. It differs somewhat from the situation where a private landlord owns two separate parcels of real estate. In such a case it is more difficult to find any basis for an invitation extended to a tenant of one parcel to use the other.

We are of opinion that there was no evidence that the defendant invited or induced the plaintiff to use the area where the accident occurred. At most the evidence warrants the inference that the plaintiff was alongside 26 Montpelier Road with the defendant's tacit assent or acquiescence. See *Cohen* v. *Davies*, 305 Mass. 152, 154. It is settled by our decisions that mere knowledge or permission to use land does not amount to an invitation. "The failure, if there was any, to prohibit the use of the strip was not an invitation to use it." *Reardon* v. *Thompson*, 149 Mass. 267. See *Dickie* v. *Davis*, 217 Mass. 25, 29; *Cohen* v. *Davies*, 305 Mass. 152, 154; *Roberts* v. *Grossman*, 346 Mass. 769. Nor

does the fact that the defendant may have known or had reason to know that the area in question was used as a shortcut by persons other than the plaintiff alter our conclusions.[1] *Hafey* v. *Turners Falls Power & Elec. Co.* 240 Mass. 155, 157. See *Donovan* v. *Vennik*, 345 Mass. 769. As the plaintiff was at most a mere licensee, she cannot prevail. The defendant's exceptions are sustained and judgment is to be entered for the defendant.

*So ordered.*

---

[1] Evidence to this effect was admitted subject to the defendant's exceptions. Since the result would be the same there is no need to decide whether this evidence was properly admitted.